# Stimpson *v.* Malone & Foote.

*Statutory Proceeding in Probate Court for Partition of Lands.*

1. *Partition ; jurisdiction of court ; presumption in favor of decree.*—Although the Probate Court, in the matter of the partition of property, real or personal, between joint owners or tenants in common (Code of 1876, §§ 3497–3507), is a court of special and limited jurisdiction ; yet, when its jurisdiction is apparent on the face of its proceedings, all reasonable intendments are made in favor of their regularity, as of courts of general juridsiction.

2. *Same ; where parties own unequal interests.*—The fact that the parties own unequal interests in the property, so that partition by lot is impracticable, does not take away the jurisdiction of the court.

3. *Same ; objections to commissioners' report.*—Objections to the commissioners' report are not available on error, unless made in the primary court, and reserved by bill of exceptions.

APPEAL from the Probate Court of Marengo.

In the matter of the petition of Malone & Foote, as partners, asking the partition of certain lands, which were particularly described, and which were alleged to be situated partly in Marengo and partly in Choctaw county, between themselves and Herbert H. Stimpson. The petition was filed on the 10th April, 1876, and was under oath. It alleged that the petitioners were the owners "of an undivided interest of six-twentieths" of two tracts of lands, known respectively as the "Barney Upper Place" and the "Barney Lower Place," which were particularly described by the government numbers and designations, and which together contained more than eight thousand acres ; and that the other undivided interest, being fourteen-twentieths, belonged to said Herbert H. Stimpson, who resided in Cambridge, Massachusetts, and who had mortgaged his interest to Sumner J. Brooks and Knowlton S. Chaffee, who resided in Boston, Massachusetts. On the filing of the petition, the court appointed the first Monday in June for the hearing of the application, and ordered notice, by publication, to be given to said Stimpson, Brooks, and Chaffee ; and on that day, the petitioners and said Stimpson appearing by attorney, the court granted the application,

and appointed five commissioners to make the partition as prayed. The commissioners made a report of their proceedings in writing, which, after reciting their appointment, proceeded thus: "After being sworn, as by law directed, to execute said trust, and to make said partition, we have examined the lands described in said commission, and had the same surveyed; and we do hereby divide said lands as follows: We divide and allott to said Malone & Foote that part or portion of the Barney Upper Place beginning at the mouth of Horse Creek, and more particularly described as follows," &c., "all lying and being in Marengo county, and containing altogether 2,164 acres, and being equal to six-twentieths of all the lands described in said commission. And we allot to the said Herbert H. Stimpson and his mortgagees the following lands as their part, to-wit," &c.; "and that the said shares so allotted and divided to the said Stimpson and his mortgagees are equal to fourteen-twentieths of the lands described in said commission. And the undersigned, commissioners as aforesaid, hereby report that the said division, partition and allotment was conducted in all respects, as nearly as may be, with fairness, and without partiality, as directed by the commission, after having regard to the character of the soil and other advantages, so as to make the different shares as equal in value as practicable to the interests owned by the said parties, as set forth in said commission. This done at Linden, in the office of the judge of the Probate Court of said county, this 28th day of August, 1876, after having given the notice, as required by section 3110 of the Revised Code, by publication of the same in the *Marengo News Journal*." This report, as set out in the record, was signed by the commissioners, and attested by the probate judge.

The decree of the court, rendered on said 28th August, 1876, after reciting the appointment of the commissioners and their appearance, continues thus: "And the said commissioners having made and signed a statement in writing, which is attested by the judge of this court, showing the result of the proceeding, which was duly had in the presence of said judge, under and in pursuance of said commission and decree, to determine by lot to whom each of the several parcels, into which said land was laid off in order to make such partition, should belong, and setting forth to whom the said several parcels or lots were allotted, together with all the facts relating to such division and allotment; thereupon came H. H. Stimpson *et al.*, by their attorney, and also came the said Malone & Foote by their attorney; and the said H. H. Stimpson *et al.*, now objecting to the pro-

ceedings of the said commissioners in this behalf, and to the return thereof, upon the ground that the same are irregular and incomplete; and the said objections being argued by counsel, and heard and duly considered by the court, it is ordered, adjudged, and decreed, that said objections be overruled, and that the said proceedings of said commissioners, and their said return, or report thereof, be in all respects ratified, approved, and confirmed," and that the proceedings be recorded. There is no bill of exceptions in the record.

The following errors are now assigned: "1. The record does not show the jurisdiction of the court over the subject-matter. 2. The commissioners did not pursue or comply with the requirements of the statute in such cases. 3. The court erred in the decree rendered. 4. The court erred in overruling the appellant's objections to the proceedings and report of the commissioners, and in ratifying and comfirming the same. 5. The court was without jurisdiction, as shown by the record."

GLOVER & TAYLOR, for appellant.

GEO. G. LYON, contra.

BRICKELL, C. J.—It may be admitted that the Court of Probate, in the matter of the partition of property, real or personal, between tenants in common, or joint owners, is a court of limited or statutory jurisdiction, and that it is essential to the regularity of its sentence that its records should disclose every fact on which the jurisdiction depends. Yet, when its jurisdiction is apparent on the face of its proceedings, the rule applies that is applied to courts of general jurisdiction, that all reasonable intendments must be made to support its decrees.— *Wyman v. Campbell*, 6 Port. 219; *Key v. Vaughn*, 15 Ala. 496; *Wilson v. Wilson*, 18 Ala. 176. If through the jurisdiction of the Court of Probate the partition of lands is sought, it must be by an application in writing, made to the judge of probate of the county in which the lands are situate, by the joint owners, or tenants in common thereof, or one or more of them. The application must set forth the names of all the persons interested in the lands, and their residence, and the lands must be described; the interest of each joint owner, or tenant in common, must be stated, and the number of shares into which the lands are to be divided.—R. C. §§ 3105–06. When the application is filed, the jurisdiction of the court attaches. The subsequent proceedings are in the exercise of the jurisdiction; and while the record must disclose a substantial conformity in them

[Hill's Adm'r v. Erwin & Jones.]

to the statutes, they are not to be scanned for the purpose of finding errors, but viewed with the liberality which would be extended to the proceedings of courts of general jurisdiction.

The record discloses that an application, in writing, was made to the Court of Probate, averring every fact on which its jurisdiction rests, unless the fact disclosed, that the parties between whom partition was sought owned unequal interests, so that partition by lot was impracticable, prevented the jurisdiction from attaching. The jurisdiction is dependent on the joint ownership, or the tenancy in common, not on the equality of the interest of the owners, or tenants in common. If property is held by them, though in unequal interests, the jurisdiction exists, and the decree must be for a partition or division, *according to their respective interests therein.*—R. C. § 3108. Neither the language of the statute, nor the manifest object of its enactment, justifies the limitation of the jurisdiction to cases in which the tenants in common have equal estates or interests, and there can be partition by lot. The application clothed the Court of Probate with the jurisdiction it exercised.

The remaining grounds of error are of matters touching the regularity of the proceedings of the commissioners appointed to make partition, and the sufficiency of their report. If there be any force in these objections, they were the proper matter of exception to the report in the Court of Probate. No such exceptions were interposed in that court, and we must decline now to consider them.

The decree of partition is affirmed.

MANNING, J., not sitting.