SOLOMON C. PHILLIPS and others v. MOSES L. HOLMES.

*Mortgage Deed—Construction of Covenant.*

1. Where a mortgage deed contained a covenant on the part of the mortgagee to allow to the mortgagor in case of foreclosure such sum as he might expend in permanent improvements on the land, "but the same is not to be paid until the mortgage debt with interest has been fully paid and satisfied," and the land upon a sale under foreclosure did not bring a sufficient sum to pay off the mortgage debt ; *Held*, in an action by the mortgagor against the mortgagee to recover for improvements, that the plaintiff was not entitled to recover.

2. Where in such action, the jury found that it was not intended that a clause should be inserted in the mortgage deed that the plaintiff should only be re-imbursed for improvements after payment of the mortgage debt, but did not find that a provision for re-imbursing him out of any fund, or that the defendant should become personally liable, was intended to be inserted and was omitted by mistake ; *It was held*, that the deed must be taken as expressing in its terms the true meaning of those who executed it.

CIVIL ACTION, for Breach of Covenant tried at Fall Term, 1877, of CARTERET Superior Court, before *Moore, J.*

The facts are sufficiently set out by THE CHIEF JUSTICE in delivering the opinion of this Court. Judgment for plaintiffs. Appeal by defendant.

*Messrs. Green & Stevenson*, for plaintiffs.
*Mr. A. G. Hubbard*, for defendant.

SMITH, C. J. On the 6th day of January, 1870, A. J. Phillips and wife Anna, J. D. Phillips and wife Julia, and S. E. Phillips and wife Nancy, conveyed a tract of land to the defendant in trust to secure and provide for the payment of a note of $1670, of the same date, executed to the defendant by the said A. J. Phillips, principal, and John I.

Shaver and William Smithdeal, sureties. The note was payable on the 1st day of January, 1871, and bore interest at the rate of 8 per cent. per annum. The deed contained a condition making it void if the note was paid at maturity, with a power of sale if it was not so paid. The defendant also executed the deed and therein in one of its clauses covenanted as follows; "And the said Moses L. Holmes covenants to and with the said A. J. Phillips, that in the event of a failure on the part of the said A. J. Phillips to pay the aforesaid debt as hereinbefore specified, whereby a right to foreclose this mortgage will accrue to the said Holmes, he will allow as a credit to said Phillips such sums of money as the said Phillips has actually expended in permanent improvements on said lot,—but the same *is not to be paid until the aforesaid debt with interest as aforesaid has been first fully paid and satisfied,*—such sums so to be allowed, not to exceed the sum of five hundred dollars."

The mortgage deed was drawn at the instance of A. J. Phillips by his attorney. The sureties to the note were solvent. The land conveyed by the mortgage has been sold by the defendant and the proceeds failed by a considerable sum to pay off the mortgage debt.

A. J. Phillips has expended in making improvements, the sum of $350, and has since died. The action is brought by the plaintiffs as surviving partners of the firm of Phillips & Brothers, of which the deceased was also a member, upon the covenant contained in the deed.

The plaintiffs, in their complaint say, that the covenant imposes a personal obligation on the defendant to refund the sum expended on the premises, whether the fund arising from the sale was sufficient to pay the secured debt or not.

The answer denies this effect to the covenant, and insists if it is to be construed as claimed by the plaintiff, the deed is erroneously drawn under a mistake of both parties as to its meaning, and prays that it may be reformed.

The following issues were submitted to the jury :—

1. "Was it intended and agreed by and between A. J. Phillips and Moses L. Holmes, that the covenant in the mortgage should provide and stipulate that A. J. Phillips should be paid for the permanent improvements he might make on the house and lot, *only* out of the surplus of the proceeds of the sale thereof, that might remain after the mortgage debt of M. L. Holmes, and interest should be paid ?"

2. Did A. J. Phillips instruct W. H. Bailey so to draw the said covenant ?

3. Did W. H. Bailey fail by mistake to draw said covenant according to said instructions ?

4. Did A. J. Phillips make any permanent improvements on said house and lot ?

The jury responded to the first three interrogatories in the negative, and to the last, in the affirmative.

The verdict of the jury declares in substance that the mortgage is drawn as the parties meant and understood and in conformity to the directions given the attorney. The verdict responding to the first issue further says, it was not intended that a clause should be inserted in the mortgage to the effect that Phillips should only be re-imbursed his moneys spent in improvements out of the surplus, if any, produced by a sale of the property, after payment of the defendant's debt; but it does not say affirmatively that a provision for re-imbursing him out of any other fund, or that defendant should become personally liable, was intended to be inserted, and has been omitted by mistake. No such restriction as that described in the issues is found in the deed, and as none ought to be there, we must take the deed as expressing in its terms the true meaning of those who executed it.

The defendant asks that it be reformed if, which he de_

13

nies, it imposes on him any personal liability as claimed by the plaintiff.

There is no ground upon which any correction can be made, as there are no facts ascertained to warrant such correction, and in this case none is necessary.

The proper construction of the covenant is in our opinion free from all reasonable doubt. This will sufficiently appear by reference to its terms.

The defendant agrees in case of a sale of the land under the power conveyed in the mortgage to allow Phillips a credit for "such sum of money as the said Phillips has actually expended in permanent improvements," not exceeding the prescribed limit of $500, but this money is not to be paid him "until the aforesaid debt with interest as aforesaid has been first fully paid and satisfied."

The defendant does not covenant to pay for improvements out of his own means, whether the fund arising from a sale of the improved lot turns out to be sufficient, or fails to pay the secured debt, but to pay after his own note is satisfied and, most obviously, out of the surplus of the fund. The stipulation seems to have been introduced, and such is its effect, to prevent the mortgagee from delivering over the surplus to the several bargainors, as he would otherwise be by law required to do, until the money spent in improving the common property had been returned to him who used it.

The defendant as trustee agrees thus to apply the surplus and to do no more. As the proceeds of sale are not enough to pay the debt, the defendant has not violated his covenant, and no cause of action exists against him.

It might admit of question whether the action should not have been brought by the personal representative of A. J. Phillips, instead of by the plaintiffs, but as we hold that for the alleged breach of covenant no action can be maintained against the defendant by any one, we forbear as unnec-

PHILLIPS *v.* HOLMES.

essary to express any opinion, and allude to this matter only to avoid misconception.

There is error, and the defendant is entitled to judgment that he go without day and recover his costs.

Error.

PER CURIAM.                    Judgment reversed.