# Ward *v.* Corbett.

### *Statutory Proceeding for Partition of Lands.*

1. *Partition by Probate Court; where parties own unequal interests.* Under its statutory power to make partition of lands among several joint owners or tenants in common (Code, §§ 3497–3507), the Probate Court has no jurisdiction to decree partition where the lands are not susceptible of division into equal parts, or parts of equal value; and this can not be done, where the parties own unequal interests—as, where one of four joint owners, or tenants in common, has conveyed a part of his undivided interest to another.    (Overruling *Stimpson v. Malone & Foote*, 60 Ala. 338.)

APPEAL from the Probate Court of Montgomery. Tried before the Hon. F. C. RANDOLPH.

R. M. WILLIAMSON, for appellant.

SAYRE & GRAVES, *contra*.

STONE, J.—This was a proceeding instituted in the Probate Court, for the partition of a small lot of land, under Article 1, Chapter 14, Title 2, Part 3 of the Code of 1876, commencing with section 3497. The petition sets forth that the land is held and owned by four equal tenants in common, of whom the petitioner, Mary Corbett, and Peter Ward, the appellant, are two. In proceedings such as this, in the Probate Court, the partition can only be made by lot; and hence, if the land be not susceptible of division into equal parts, or parts of equal value, partition can not be made by metes and bounds; and if the tenants own in unequal interest, the Probate Court has no jurisdiction to effect partition.— *Whitman v. Reese*, 59 Ala. 532; *Newbold v. Smart*, 67 Ala. 326; *Terrell v. Cunningham*, 70 Ala. 100.

[Micou v. Moses Brothers.]

The answer to the partition is not very fully expressed; but great technicality in pleading is not required, in cases like this. One ground of defense relied on is, that Mary Corbett, the petitioner, had previously conveyed to Peter Ward a certain described part of the land she seeks to have partitioned; and that he, Ward, had sold back the lot to her, but she had not paid the purchase-money. Now, if we admit that Mary Corbett's conveyance to Peter Ward did not transfer the absolute ownership to that part of the land, because she herself owned but an undivided interest, it was good to convey her undivided fourth interest in that part of the lot, and this destroyed the equality of ownership. If true, this ousted the Probate Court of jurisdiction. The court erred in sustaining the petitioner's demurrer to the answer.

The claim for improvements alleged to have been made by Ward, is scarcely full enough to raise the question.—Freeman on Co-Tenancy, §§ 261, 510; *Drennen v. Walker*, 21 Ark. 539; *Seale v. Soto*, 35 Cal. 102; *Brookfield v. Williams*, 1 Green, C. C. 341; *Crafts v. Crafts*, 13 Gray, 360; *Hart v. Hawkins*, 3 Bibb, 502; *Pope v. Whitehead*, 78 N. C. 191.

The case of *Stimpson v. Malone & Foote*, 60 Ala. 338, so far as in conflict with this opinion, is overruled.

Reversed and remanded.