# Morrison v. Morrison.

*Bill in Equity to enjoin Sale of Lands under Probate Decree.*

1. *Partition of lands owned in common; when order of sale of probate court can not be enjoined.*—Where, under the provisions of the statute, (Code, § 3253), an order of the probate court has been made for the sale of lands owned in common, as being incapable of partition, and such order has not been appealed from, the sale so ordered can not, in the absence of fraud or undue advantage in its procurement, be enjoined by co-tenants who were parties to the probate court proceedings; and a bill filed by such co-tenants to enjoin said sale, on the grounds that the lands could be equitably partitioned by a court of chancery, and that on account of the depressed value of the lands and the poverty of the complainants who were unable to buy, a sale would be ruinous to their interest, is without equity.

APPEAL from the Chancery Court of Cherokee.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed by the appellees against the appellant, for an injunction to restrain a sale of certain lands under an order of the probate court for partition among the complainants and the respondent. The averments of the bill are sufficiently stated in the opinion.

Upon the issuance of an injunction, the respondent moved to dissolve the injunction for the want of equity in the bill. Upon the submission of the cause, upon this motion, the chancellor overruled the said motion. The respondent appeals, and assigns this decree of the chancellor as error.

C. DANIEL, for appellant.

H. W. CARDON, *contra*.

COLEMAN, J.—George F. Morrison, as a joint owner or a tenant in common of certain lands, made application to the probate court under section 3253 of the Code, for an order or decree to sell said lands for distribution.

The application to sell the lands was based upon the averment that the same could not be equitably and fairly divided or partitioned and that a sale was necessary. The complainants in this bill were parties to the proceedings in the probate court. After due and legal notice, and proof made at a hearing, the probate court granted the application, decreed a sale of the land and appointed commissioner to execute the decree. Before the commissioner had sold the land the complainants, John H. Morrison *et al.*, filed the present bill, and prayed for an injunction to enjoin the sale. The regularity and *bona fides* of the proceedings in the probate court are not assailed. No fraud, imposition or deceit is alleged. A transcript of the proceedings and decree of the probate court is made an exhibit to the bill, and appear to be regular. The decree ascertains that the proof was taken by depositions as in chancery cases. The court granted an injunction as prayed for in the bill. The only facts upon which it is sought to rest the equity of the bill and the prayer for the injunction and relief are, that the lands can be equitably partitioned by a court of chancery, and that on account of the depressed value of real property and the poverty of complainants who are unable to buy, a sale would be ruinous to their interest. The two last conditions (the depressed value of lands, and the pecuniary condition of complainants), however much to be regretted, can have no bearing upon the question, as to whether the lands could be fairly and equitably divided and partitioned without a sale. The statute makes no provision for such cases. It declares (section 3253) : ''Any property, real, personal or mixed, held by joint owners, tenants in common, on the written application of any one or more of them, may be decreed to be sold, by the probate court of the county in which such property is situate   *   *   *   when the same can not be equitably divided or partitioned among them,'' &c. The application of the probate court, averred all the facts necessary to give it jurisdiction. These complainants were made parties to the application. Proof was taken, and the court decreed the sale in accordance with the application. If the proof did not sustain the application, or if there was irregularity or error in that proceeding, complainants' remedy was by appeal. So long as that decree stands unreversed, in the absence of

[Mutual Building & Loan Association *et al.* v. Wyeth.]

fraud or undue advantage in its procurement, it is conclusive upon the parties in the chancery and all other courts.

It may be that if the land sells for an amount greatly less than its value, or that the sale was not fairly conducted, the court will not confirm the sale, but of this we decide nothing. See sections 3257, 2120.

The bill is wholly without equity, and the decree of the chancery court will be reversed, and a decree here rendered, dissolving the injunction, and dismissing the bill.

Reversed and rendered.