# Cates v. Johnson.

### Bill in Equity for Sale of Land for Division.

1. *Error not available to appellant.*—On an appeal by one defendant alone from a decree for the sale of land for division, an assignment of error by him, that the court proceeded to a final decree without having other defendants before it, will not be considered.

2. *Sale of land for division; chancery jurisdiction.*—Where the interests of tenants in common in land are unequal, application for the sale thereof for division is properly made to the Chancery Court.

3. *Right of co-tenant to demand a sale for division.*—Where an equitable partition of land owned by tenants in common is impracticable, a co-tenant's right to demand a sale for division is not affected by the facts that inconvenience or injury will result, or mischief be entailed on the property, or that a sale may be embarrassed by difficulties, or will not be to the interest of all the owners.

4. *Not error to confirm Register's report of sale, when not excepted to.*—Where no exceptions were taken to the report of a sale as made by the Register, under a decree for the sale of land for division, it was not error to confirm the report, though the amount for which the land sold may have been disproportionate to its value.

APPEAL from the Chancery Court of Marshall.

Heard before the Hon. S. K. McSPADDEN.

The averments of the bill in this case showed that the complainants and the defendants had unequal interests

in the tract of land in which they were tenants in common. As to the impracticability of an equitable partition of the land, the bill averred as follows: "That said real estate can not be equitably divided or partitioned into shares, so as to do justice and equity to all the parties in interest, without a sale of said real estate; because said lands are partly cleared and worn out; that, where timber exists, it is too rocky and invaluable for agricultural purposes, and valuable alone for its timber; that the lands have but few houses on them; and that no equitable partition of the lands themselves can be had." Other material facts are sufficiently stated in the opinion.

O. D. STREET, for appellant.

LUSK & BELL, *contra*.

McCLELLAN, J.—This bill was filed by Benjamin P. Johnson and others against William Cates and others, all the parties being tenants in common in a certain tract of land, for a sale thereof for division. Cates alone answered, admitting the tenancy in common, but denying the alleged necessity for a sale. The decree granted the relief prayed, and Cates alone, and in his own name only, prosecutes his appeal from that decree, and assigns error in this court.

One assignment of error is that the "court erred in proceeding to a final decree in the cause without the defendants Benjamin Johnson, James Johnson, K. Anne Hester and Joe Hester being before the court." On this state of case, this assignment will not be considered. If the matter complained of constituted error, the appellant has no concern therewith, and the parties who were not brought before the court below are unaffected by the decree.—*McDowell, Admr. v. Jones, Admr.*, 58 Ala. 25, 36; *Walker v. Jones*, 23 Ala. 448; 1 Brick. Dig. pp. 777, *et seq.*

The case made by the bill was a proper one for the exercise of the chancery jurisdiction invoked.—*Ward v. Corbett*, 72 Ala. 438.

The complainants, adult owners in common of the land, having averred facts showing the impracticability of partition without sale, and prayed a sale for division

among all the owners, it was not necessary for them to show that such sale would be to the interest of the owners.—*Coker v. Pitts*, 37 Ala. 692; *Fennell v. Tucker*, 49 Ala. 453, 459. Nor will the fact that inconvenience or injury will result, or mischief be entailed on the property, or that a division or sale may be embarrassed by difficulties, deprive such complainant of the right to demand a partition or a sale for division, as the case may require. Partition or sale is a matter of right.—*Gore v. Dickinson*, 98 Ala. 3ó3. We concur with the Chancellor that the evidence shows the impracticability of partition in this case, and a consequent necessity for the sale prayed by the bill.

No exceptions were taken to the report of the sale as made by the Register, and the Chancellor did not err in confirming it, though the amount for which the land sold may have been disproportionate to its value.

The decree of Chancery Court must be affirmed.