# Finch, *et al. v.* Smith.

*Petition for Partition.*

(Decided April 3, 1906.   41 So. Rep. 819.)

1. *Partition; Probate Court; Jurisdiction; Petition.*—Under Section 3178, Code, 1896, the averment that the property could not be equitably divided was jurisdictional and upon failure of proof of this fact the petition could not be maintained.

2. *Same; Equitable Division; Determination.*—On peition in probate court for a sale of land for division under Section 3178, the fact of the equitable division of the property in specie can-

[Finch, *et al.* v. Smith.]

not be determined by the efficiency or inefficiency of the mode of allotment provided by Section 3169, Code 1896, but is determined upon whether it can be equitably divided in kind by the court in which the partition is sought.

3. *Same; Proceeding in Chancery.*—The party desiring a division should proceed in chancery for an equitable division, where the remedy by allotment in the probate court is ineffectual to an equitable division in kind.

4. *Same; Sale.*—Where the land sought to be partitioned cannot be equitably divided in kind, and a sale is sought, either the chancery or probate court has jurisdiction.

5. *Judgment; Final Decree; Conclusiveness; Jurisdiction.*—Where the division is sought in the probate court, whether in kind or by sale, a final decree is conclusive, until reversed on appeal, excluding the jurisdiction of the chancery court, unless some special grounds for the interposition of equity exists.

6. *Courts; Concurrent Jurisdiction; Acquisition.*—While the jurisdiction given by the statute to the probate and chancery courts to partition property is concurrent, the court first acquiring jurisdiction is entitled to exercise the same to the exclusion of the other.

APPEAL from Bibb Probate Court.

Heard before HON. W. L. PRATT.

Finch who owned a one-twelfth interest in certain land filed a petition in the probate court to have the same sold for partition, on the ground that the same could not be equitably divided or partitioned except by sale. It appears from the petition that upon all this land was a lease with ten years yet to run providing for the taking of all the coal on the land and the payment therefor in royalty. Respondents answered denying that the land could not be equitably divided and setting up the outstanding lease and a willingness and offer to hold their property jointly and to let the applicant have his one-twelfth interest set apart to him in kind. Demurrers were sustained to these answers, but upon the final hearing on the facts, the court dismissed the petition, and from this order, this appeal was prosecuted.

LEADBETTER & JOHNSON, for appellant.—The jurisdictional fact was stated in the petition.—§ 3178 of the

code.—*Branscomb v. Gillam,* 55 Iowa 235; *Greenup v. Sewell,* 18 Ill. 50; *Coleman v. Fane,* 26 Ga. 515; *Clason v. Claison,* 6 Paige 545; *Pollard v. Hamrick,* 74 Ala. 344; *Bishop v. Hampton,* 15 Ala. 761; *Bragg v. Beers,* 71 Ala. 151; *Warnock v. Thomas,* 48 Ala. 463. Where the land cannot be divided without injury to the owner, a sale for partition is necessary.—*McEvoy v. Leonard,* 89 Ala. 457. Impracticability of partition authorizes sale for division. *Cates v. Johnson,* 109 Ala. 124. If for any reason, property cannot be divided among the joint owners thereof equally, equiably, beneficially, practically, without prejudice and without material depreciation in the value of the property, a joint owner may have it sold for distribution, without a procedure in a court of equity.— Freeman on Co-tenancy and Partition. § 537; *Bridges v. Sperry,* 95 U. S. 401; *Thurston v. Minke,* 32 Maryland 571; *Klinesmith v. Sockwell,* 100 Ind. 581; *Coster v. Coster,* 66 Hun. 632; *Sorez v. Jacobs,* 59 Cal. 362. Under statutes authorizing the court to order a sale instead of partition, such a sale is a matter of absolute right where the circumstances of the statute are found to exist.— *Cates v. Johnson, supra; Kelly v. Degan,* 111 Ala. 152: *Fennell v. Tucker,* 49 Ala. 453; *Willard v. Willard,* 145 U. S. 116. This is a favored policy of the legislation of this state.—*Briggs v. Beer,* 71 Ala. 151. Property chiefly valuable for minerals underlying the surface can be fairly partitioned only by means of a sale for distribution.— *Cedar Canyon Min. Co. v. Yarwood,* 91 Am. St. Rep. 886; *Brown v. Chalis,* 25 Col. 145; *Lerfers v. Henke,* 73 Ill. 403; *Kimball v. Kimball,* 44 N. J. Eq. 451; *Coleman v. Coleman,* 19 Pa. St. 100; *Richards v. Richards,* 38 L. J. Ch. N. S. 176; *Aspin Min. Co. v. Rucker,* 28 Fed. 220. The facts in this case make partition by sale imperative. There is a difference in the seams of coal as to width, accessibility and grade. Some of the mines are open and being worked on some seams and not open on the others, and the courts have no authority to divide the land based upon an average value, actual values must be ascertained. —*Grimes v. Little,* 56 Ga. 649; *Ramsey v. Humphries,* 33 N. E. 975. Divison in kind is impossible.—*East Coke v.*

[Finch, *et al.* v. Smith.]

*People, etc.,* 111 Fed. 446; *Coster v. Coster, supra; Truel v. Rice,* 85 N. C. 372; *Saunders v. Saunders,* 62 S. W. 797; *Smith v. Upton,* 13 S. W. 721; *Brendell v. Klopp,* 5 S. E. 589. The fact that the lands are leased cannot affect this proceeding.—21 Am. & Eng. Ency. of Law, 1146; *Willard v. Willard,* 145 U. S. 116, 36 L. Ed. 644; *Oliver v. Lansing,* 50 Neb. 828, 70 N. W. 369; *Brendel v. Kloff,* 69 Md. 1; *Woodward v. Campbell,* 5 Paige, 518; *Jordan v. McNulty,* 14 Col. 780, 23 Pac. 460; *Thurston v. Minke,* 32 Md. 571; *Cook v. Webb,* 19 Minn. 172; 21 Am. & Eng. Ency. Law, 1153, 1161; 21 Am. & Eng. Ency. Law, 1200, 1201; *Haenssler v. Mo. Iron Co.,* 110 Mo. 188, 33 Am. St. Rep. 431; White on Mines & Mining Remedies, § 591; *Crocker v. Cotting,* 170 Mass. 68, 39 L. R. A. 215; *Hill v. Reno,* 112 Ill. 154, 54 Am. Rep. 222.

The lease does not give rise to an implied agreement not to partition.—*Hayne v. Gould,* 54 Fed. 951; *Oliver v. Lansing,* 70 N. W. 369; *Crocker v. Cotting,* 39 L. R. A. 215; *Winthrop v. Minot,* 9 Cush. 405. The lease makes division in kind impracticable.—*Woodward v. Campbell,* 5 Paige 518; *Hill v. Reno,* 112 Ill. 154; *Fitzpatrick v. Wilson,* 12 Grant Chan. 441; 21 Am. & Eng. Ency. of Law, 1162.

WARD & HOUGHTON, GIBSON & DAVIS and J. R. SATTERFIELD, for appellees.—A sale is not an unconditional right, a partition is.—*Macevoy v. Leonard,* 89 Ala. 455; *Keaton v. Terry,* 93 Ala. 85, 3 Pom. Eq. Ju., § 1390; Freeman on Cotenancy and Partition, §§ 433 and 507. No tenant in common can have the interest of his cotenant sold, if he can separate his interest from that of his cotenants without injury to either.—*Macevoy v. Leonard, supra; Stein v. McGrath,* 137 Ala. 692; *Ryan, et al. v. Eagan,* 26 Utah 241. As between a sale and partition, the courts will favor a partition as not disturbing the existing form of inheritance.—*Boyston v. Miller,* 76 Fed. 50; *Mitchell v. Klein,* 24 Cal. 164; 3 Pom. Eq. Juris. § 1390. The burden is on the petitioner to aver and prove that the land cannot be equitably divided, §§ 3181, 1752, code 1896; *Bruner v. Garrett,* 59 Ala. 352; *Garner v.*

*Toney,* 107 Ala. 352; *Coker v. Potts,* 37 Ala. 692; *Macevoy v. Leonard v. supra; Keaton v. Terry, supra.* The law favors a partition in kind rather than a sale for distribution, and all the defendants offered a partition in kind.—20 Am. & Eng. Ency. of Law, p. 789; *Donor v. Quartimus,* 90 Ala. 164; *Paige v. Webster,* 77 Am. Dec. 446; *Mylin v. King,* 25 So. 1000; *Berry v. Webb,* 77 Ala. 507; *Goree v. Dickinson,* 98 Ala. 363; *Boley v. Skinner,* 20 So. 1017; *Kloss v. Weylezalek,* 63 N. E. 863. A mine can be partitioned.—20 A. & E. Ency. of Law, p. 788; Lindley on Mine, (1st Ed.) 792; see also, cases collated in 91 Am. St. Rep. 884. All cases cited by appellant. There can be no partition by sale or otherwise of a remainder or reversion.—21 Am. & Eng. Ency. of Law (2d Ed.) 1151; *Wilkinson v. Stewart,* 74 Ala. 205; *McQueen v. Turner,* 91 Ala. 276. Whether or not land is susceptible of equitable partition among the joint owners was a question of fact to be determined on the evidence.— § 3181, code 1896; *Macevoy v. Leonard, supra.* The court having found against appellant, on the fact, its decision will not be reversed unless clearly wrong.—*So. Ry. v. Posey,* 124 Ala. 486; *Woodrow v. Hawving,* 105 Ala. 240; *Cotton v. Barnett,* 124 Ala. 432; *Noe's Exec. v. Garner,* 70 Ala. 443 and numerous decided cases in Alabama.

SIMPSON, J.—This was a petition for the sale of certain property for partition among joint owners. The petition as amended alleges that the petitioner and the defendants own a certain tract of land "subject to a certain lease," etc., and prays that said real estate be sold for partition.

Much of the evidence and also of the argument is devoted to the question as to whether a partition of the land could be made; it being contended that, on account of the coal and expense of ascertaining how much coal lies under the land, such a subdivision of it would be impossible. The averments and the evidence show that the entire tract of land had been leased for 20 years to a party who has the right to possession of the surface, with the right to dig all the coal, and he is to pay there-

for certain amounts annually (not less than a certain minimum) as royalty to a certain bank, which is made the agent of the lessors to receive the money and distribute it among them according to their respective interests. It is evident that the lessors cannot by any voluntary action or proceeding in court change the terms of the contract of the lessees. In fact, the lease was a sale of a certain interest in the land.—*Warren v. Wagner,* 75 Ala. 199, 51 Am. Rep. 446; L. R. A. 38 (2 Col.); *Metcalfe v. Miller* (Mich.) 56 N. W. 16, 35 Am. St. Rep. 617, 620. So that all that remains for partition or sale is the interest of the parties in the land, subject to the lease.

The authorities declare that the right of partition is absolute, whatever may be the inconvenience caused thereby. But, although, courts of equity by their extensive powers could grant this right to the citizen in almost every case, yet in order to relieve the inequities and inconvenience which sometimes attend an actual partition, it is customary now to provide by the statute for the sale in lieu of the partition in certain cases.—21 Am. & Eng. Ency. of Law, § 1197; 3 Pom. Eq. Jur. § 1390. Our own statute provides that "property, real, personal or mixed held by joint owners or tenants in common * * * may be decreed to be sold * * * when the same cannot be equitably divided or partitioned among them." The jurisdiction was at first given to the probate court alone, but was afterwards extended to the chancery court, and, when our decisions of a later date use the expression that the right of partition is absolute, they must mean that the right of partition, either, by actual division or by sale, is absolute; otherwise, there never could be a sale. The statutes indicate and the courts declare that partition is preferred, and the sale is allowed only in the cases provided for by statute. Thus, in the case in which a sale was granted for partition, this court refers to the right as absolute.—*Mylin v. King,* 139 Ala. 319, 326, 327, 35 South. 998. The court in another case states that two modes of partition are provided for by statute; that is, "actual partition, or partition by sale of the property and division of the proceeds."—*McQueen v. Turner,* 91

Ala. 277, 8 South. 863. "Partition or sale is a matter of right."—*Oates v. Johnson,* 109 Ala. 126, 128, 19 South. 418.

Did the fact that the property had been leased, as described, operate as an obstacle in the way of the right of one of the joint owners to a partition either by actual partition or by sale? It is claimed that this is analagous to a reversion, and the case of *Wilkinson v. Stuart,* 74 Ala. 198, is cited to show that there can be no partition of a reversionary interest. In that case, a petition had been filed in the probate court for sale for partition, and a bill was filed in the chancery court for partition (the chancery court, at the time, not having any jurisdiction to sell for partition). It was admitted that the probate court, having acquired jurisdiction, must continue in its exercise unless facts or circumstances of special equitable cognizance are shown to exist which render inadequate the statutory jurisdiction. Page 203. Those special circumstances were shown, and the chancery court took jurisdiction for strict partition. In that case the court of equity was acting upon its original jurisdiction simply to partition, and according to the law it seems that partition could not be had of a reversion under the general jurisdiction of the court.—1 Washburn on Real Property (3d Ed.) 584, 428. So the court did not pass upon the right of sale for partition under the statute. In the case of *West v. West,* 90 Ala. 458, 7 South. 830, a part of the lands held by the parties was subject to a dower interest, and the petition for partition omitted that part; the only question decided being that the rule against partition by parcel did not apply to that case, though it does seem to be taken for granted that a partition (not a sale) could not be had of the reversion. —*West v. West, supra.*

Our statutes seem to intend that all interests in land shall be subject to partition, either by actual allotment or by sale. However that may be, it seems clear that the existence of a lease is not a bar to a partition of the residue.—21 Am. & Eng. Ency. Law (2d Ed.) 1201. Under a statute similar to ours, the Supreme Court of Nebras-

[Finch, *et al.* v. Smith.]

ka, after a careful examination of the authorities, granted a partition of lands, subject to a lease, providing specially for the preservation of the lease.—*Oliver v. Lansing,* 70 N. W. 369, 372, 373. The Supreme Court of Missouri also granted a petition for partition, subject to a mining lease, especially preserving said lease, and providing that the royalties should continue to be paid in accordance with the terms of the lease.—*Haeussler v. M. Iron Co.,* 110 Mo. 188, 19 S. W. 75, 16 L. R. A. 220, 33 Am. St. Rep. 431, 436. In this case the court also decided that an agreement not to institute proceedings for a partition was an unreasonable restraint on the enjoyment and use of the property, and void. To the same effect is the decision of the Supreme Court of Massachusetts, in the case in which there was an easement of right of way over the land; the court quoting from Sir William Grant that "a partition never affects the rights of third parties."—*Crocker v. Cotting* (Mass.) 48 N. E. 1023, 39 L. R. A. 215, 217, 64 Am. St. Rep. 278. See, also, *Willard v. Willard,* 145 U. S. 116, 12 Sup. Ct. 818, 36 L. Ed. 644; *Woodworth v. Campbell,* 5 Paige (N. Y.) 518.

The question then arises whether, in the case at bar, the petitioner is entitled to a sale of the property, or whether the sale should be refused on the ground that the property can be equitably partitioned among the parties in interest. And at this point it is claimed by the appellee that the meaning of the provision in the statute is that, if a court of equity with its enlarged powers of procedure could effect an equitable partition, then the probate court must refuse the sale. In accordance with the previous decisions of this court, we hold that the two jurisdictions are distinct, that each court proceeds according to its own powers and mode of proceeding, and that the probate court can consider only it own powers in determining whether the property can be equitably divided. If it were otherwise, the probate court might undertake to declare that a court of equity could make a partition, refuse to grant the order of sale, and when the matter reached the chancery court that court might

take a different view. The probate court, having first obtained jurisdiction, retains it and proceeds according to its own mode of procedure and powers, unless by reason of there being special equitable grounds the matter is removed to the chancery court.—*Wilkinson v. Stewart,* 74 Ala. 198, 203; *Donnor v. Quartermas,* 90 Ala. 164, 170, 171, 8 South. 715, 24 Am. St. Rep. 778; *Marshall v. Marshall,* 86 Ala. 383, 388, 389, 5 South. 475; *Morrison v. Morrison,* 105 Ala. 637, 17 South. 109.

On the question as to whether this land could be equitably divided there is a conflict in the testimony; but, though the witnesses were directing their attention to the matter of distributing the interest in the coal being mined by the lessee, which has been eliminated by what has been said, yet there was a preponderance of the testimony to the effect that the land could be equitably partitioned. However that may be, the testimony of petitioner's witnesses shows that the most valuable seam would be worked out in 12 or 18 months, and that very little coal that is workable has been found beyond that, and that lands adjoining have a market value. Of course, no one can tell exactly whether any more coal will be discovered during the 10 years which the lease has to run, or whether better methods may be devised for working which might render seams workable which are now worthless; but it is not necessary to enter into these speculations. It appears sufficiently clear at the present time that the interest of the parties in these lands subject to the right of the lessees has a market value and could be partitioned with as much accuracy as usually attends the partition of lands, if the interest of the parties was such as to authorize it. So that on that ground there would be no ground for the order of sale.

The most serious ground which presents itself here is that some of the parties own one-eighth and others own one-twelfth interest each, while under our statute and decisions a probate court cannot partition except in the way pointed out by the statute, which is by lot, requiring the interest to be equal.—Code 1896, § 3169; *Terrell v. Cunningham,* 70 Ala. 100, 106; *Ward v. Cor-*

*bett*, 72 Ala. 438. It appears from the petition, and answers that there are six persons each owning one-twelfth and four persons each owning one-eighth of the property, the four-eighths being equal to six-twelfths or one-half of the property, and in order to obviate the difficulty suggested the parties who own the four-eighths offer in their answer to receive one-half of the land by allotment as their share, as they desire to hold it together. The court sustained a demurrer which was improperly interposed to this part of the answer, but this is not reversible error, as the matter alleged was no answer to the petition. It would have been better to have stricken it from the asnwer. This answer could not meet the difficulty, as there was no proposition before the court to partition, but only to sell, and no binding obligation on the parties to accept that kind of allotment in case of such proceedings being instituted. Hence the petitioner was entitled to the sale.

The objection to the introduction of oral testimony by the defendants was properly overruled. Section 3181 of the Code of 1896 requires that the evidence in support of the application must be taken as in chancery cases, but this does not refer to the testimony introduced by the defendant.—*Garrett v. Bruner*, 59 Ala. 513; *Garner v. Tony*, 107 Ala. 352, 18 South. 161.

The decree of the probate court is reversed and annulled, and the cause is remanded to the probate court, with the direction that a decree be there entered in this cause providing for the sale according to the statute of the interest of the parties in the lands described, subject to the lease held by the Bessemer Land & Improvement Company and H. F. DeBardelaben, which lease is not to be in any manner disturbed or affected by this decree; the proceeds of said sale to be distributed among the parties in interest in accordance with the statute.

Reversed and remanded.

## ON REHEARING.

TYSON, J.—The jurisdiction of the court, in the opinion, is rested upon the fact that the property cannot

be partitioned in kind because it cannot be allotted under the statute (section 3169), on account of the shares of the respective tenants in common being unequal, instead of upon the necessary averment contained in the petition that it cannot be equitably divided.—Section 3178 of the Code of 1896. That this is a jurisdictional averment not only appears from the plain language of the statute, but is also thoroughly settled by a number of our decisions.—*Fennell v. Tucker*, 49 Ala. 453; *Morgan v. Farned*, 83 Ala. 367, 370, 3 South. 798; *Inman v. Prout*, 90 Ala. 362, 364, 7 South. 842. It is scarcely necessary to say that this averment must be proven, and, if not proven, the petition should have been dismissed, as was done.

The fact of equitable division of the property in specie cannot be determined upon the efficiency or inefficiency of the mode of allotment provided by section 3169 of the Code, but must be determined upon the answer to the question whether it can be equitably divided in kind by the probate or chancery court. If it can be so equitably partitioned in either jurisdiction, and the remedy by allotment is ineffectual to that end, in the probate court, the chancery court can and does afford the remedy, and the party desiring the division should proceed in that court. On the other hand, if it cannot be equitably partitioned in kind, then either jurisdiction may be resorted to for a sale. At all events, whether a partition in kind or for sale is sought in the probate court, the decree on final hearing is conclusive until reversed on appeal, excluding the jurisdiction of the other tribunal unless there is some special equitable ground for the interposition of equity.—*Morrison v. Morrison*, 105 Ala. 637, 17 South. 109. Both tribunals, it is needless to say, derive their jurisdiction to sell property for partition under the statutes, and, while concurrent, the tribunal first acquiring jurisdiction is exclusive.—*Marshall v. Marshall*, 86 Ala. 383, 5 South. 475. There therefore need be felt no such apprehension as expressed in the opinion of Justice SIMPSON.

The decree appealed from is affirmed. All the Justices concur, except SIMPSON, J., who adheres to his original opinion.