# McCalley *v.* Robinson's Adm'r.

*Petition for Sale of Decedent's Lands, for Payment of Debts.*

1. *Conclusiveness of judgment as bar.*—The judgment of a court of competent jurisdiction is conclusive on parties and privies, as to all facts or issues actually decided, or necessarily involved; but the trial must have been on the merits of the cause, and the fact must have been directly and distinctly put in issue, the estoppel not extending to facts which are merely collateral.

2. *Same; application to sell lands for payment of debts, decree dismissing petition.*—On application by an administrator to sell lands for the payment of debts, it being proved or admitted that there are no personal assets, a decree dismissing the petition on the merits is necessarily conclusive against the validity of the claims asserted as debts, and is a bar to another petition subsequently filed by him for the same purpose, no change in the status of the estate being shown.

APPEAL from the Probate Court of Madison.

Tried before the Hon. WILLIAM RICHARDSON.

In the matter of the estate of Emeline Robinson, deceased, on the application of George Meyer, the administrator *de bonis non*, for an order to sell lands for the payment of debts. The application was contested by Alfred McCalley, who was in possession of the land, claiming it as sole devisee under the decedent's will. The appeal is sued out by McCalley, who here assigns as error the judgment of the court overruling a plea of *res adjudicata* filed by him, the decree granting an order of sale as prayed, and other matters.

WALKER & SHELBY, for appellant.—The judgment on the former petition was conclusive. The parties were the same,

and the issue the same; the cause was tried on its merits, and the same evidence was admissible in support of each petition. Freeman on Judgments, §§ 252–60, and cases cited; Wells on *Res Adjudicata,* § 10, p. 6. That the decrees of the Probate Court are governed by the same rules, as to their conclusiveness and finality, see Freeman on Judgments, § 319 *a,* and numerous cases cited in note.

BRANDON & JONES, *contra.*

SOMERVILLE, J.—This is an application for the sale of lands for the payment of debts, filed by the appellee, as admin-- istrator of the estate of Emeline Robinson, deceased. The proceeding is resisted, principally, on two grounds: *first,* that the matters in controversy are *res adjudicata ; second,* that the evidence fails to prove that there are any debts against the estate.

In support of the plea of *former recovery,* the defendant in the proceeding, who is the appellant in this court, introduced the record and proceedings of the Probate Court dismissing a similar application, filed by the administrator, but a few weeks previous. The two applications were filed by the same peti- tioner, praying the sale of the same land, for the same purpose. The record shows that the second application was filed upon the 9th of April, 1878, which was more than three years after the death of the deceased.

The rule, in such cases, is, that the judgment of a court of competent jurisdiction is conclusive, on parties and privies, as to all facts or issues actually decided, or necessarily involved. The trial must, of course, be on the *merits* of the cause under consideration, and the judgment rendered is conclusive only as to facts *directly* and distinctly put in issue, and a finding of which is necessary to uphold the judgment. The doctrine of estoppel does not extend to facts which are merely *collateral,* and were not directly in issue in the former suit.—Freeman on Judgments, § 257; *McDonald v. Mobile Life Ins. Co.,* 65 Ala. 358.

The pleadings and evidence show that the debt claimed by the petitioner was put in issue in both proceedings. The insuf- ficiency of personal assets was clearly proved, there being none. The dismissal of the application was, therefore, necessarily a finding against the existence of the debts alleged to be due by the deceased. The plea, we think, was good, and the Probate Court erred in not so holding.—Wells' *Res Adjudicata,* §§ 426, 427.

This case does not come within the rule laid down by this court in *Ford v. Ford,* at last term.—68 Ala. 141. We under-

28

stand it to be there held, that a judgment rendered upon an application of this character is conclusive only of the *status* of an estate at the time of its rendition.    The personal assets may be diminished, lost or destroyed, without the fault of the administrator; or other claims may be presented, within the eighteen months allowed by law, not before brought to the knowledge of the administrator.    But there is no evidence of any such change in the *status* of the decedent's estate in either of these respects.    It is, in fact, shown to be the same at the time each application was filed and each trial was had.

It is unnecessary to decide the other questions raised by the record, as the point here decided is fatal to the case of appellee in the lower court.

The judgment of the Probate Court is reversed, and this court, rendering the judgment which the Probate Court ought to have rendered, hereby decrees that the application of the appellee be dismissed, at his own costs.