# Miller *v.* Vaughan.

*Statutory Real Action in the Nature of Ejectment.*

1. *Recovery in ejectment only binding on parties and privies.*—A recovery in ejectment or the statutory real action in the nature of ejectment is only binding on the parties to the suit and their privies in estate or blood.

2. *Real actions; effect of recoveries in this particular case.*—Two statutory real actions in the nature of ejectment having been brought, and recoveries had therein, for the same land, one by and in favor of H. against M., and the other by and in favor of M. against V., the recoveries prove that, as between M. and V., M. was entitled to the possession, but that, as between M. and H., the latter had the better right; and H. having a better right than M., and the right of M. being superior to that of V., it follows, that, as between the three, H. held the paramount title.

3. *Same; execution of writs of possession.*—Writs of possession in both

[Miller v. Vaughan.]

cases having been issued, and placed in the hands of the sheriff at one and the same time, he called on M. and informed him that he was ready to execute his writ by evicting V. and putting M. in possession, telling him, at the same time, that he should then turn him out of possession and put H. in, under her writ. M. having declined to take possession, requesting that his writ be not then executed, the sheriff executed the writ in favor of H., and, at her request, placed V. in possession as her tenant, to whom she let the premises for the ensuing year. The sheriff returned M.'s execution "not executed;" and afterwards M. sued out an *alias* writ, placed it in the hands of the sheriff, and, under it, had V. turned out, and himself put in possession. Thereupon V. filed his petition and obtained a supersedeas, and on the hearing the circuit court quashed and set aside the *alias* writ and its execution, and ordered the possession to be restored to V. On the trial of the supersedeas it was also shown that, subsequent to the time V. as agent of H. was put in possession, he purchased the land from her, and had title conveyed to his wife. *Held*,

(*a*) That it was the duty of the sheriff to have executed both writs simultaneously, leaving H. in possession by title paramount to both M. and V., and this was the legitimate effect of the sheriff's doings in the premises; and that he should have returned the writs accordingly.

(*b*) That when V. was put in possession as H.'s agent, he ceased to hold under his own right or claim, and became the tenant for, and held in the right of H.

(*c*) That in suing out an *alias* writ of possession, after he had declined to be put in possession when offered by the sheriff, M. sought to make, and did make an improper use of the process of the court, and his *alias* writ was properly quashed.

(*d*) That V. having entered and acquired his possession under and in the right of H., when her writ had turned M. out and put her in possession, he had a sufficient right and interest in the subject-matter to authorize him to move for the vacation of the *alias* writ and its execution.

APPEAL from Geneva Circuit Court.
Tried before Hon. H. D. CLAYTON.
The facts are stated in the opinion.

W. D. ROBERTS, for appellant.

B. F. CASSADY and J. M. CARMICHAEL, *contra*.

STONE, J.—There were two statutory real actions brought, and recoveries had, for the same real property,—being one hundred and twenty acres of land, situated in Geneva county. One of the suits was in favor of Mrs. Houser and against E. D. Miller, and the other was in favor of E. D. Miller and against Vaughan. There being recoveries in each action, these recoveries proved that, as between Miller and Vaughan, Miller was entitled to the possession ; but as between Miller and Mrs. Houser, she had the better right. Having a better right than Miller's, and his being superior to Vaughan's, it follows of course, as between the three, that Mrs. Houser held the title paramount. Such recoveries are only binding on the parties

to the suit and their privies in estate or blood.—*Howard v. Kennedy*, 4 Ala. 592; *Walker v. Elledge*, 65 Ala. 51. Writs of possession on both of these judgments were in the hands of the sheriff for execution, at one and the same time—January, 1881. He called on Miller, and informed him he was ready to execute his writ, by evicting Vaughan, and putting him, Miller, in possession; telling him, at the same time, that he should then turn him out of possession and put Mrs. Houser in, under her writ. Miller declined to take possession, and requested that his writ be not then executed. The sheriff thereupon executed Mrs. Houser's writ, and, at her request, placed Vaughan in possession as her tenant, to whom she let the premises for the year, 1881. The sheriff returned Miller's execution "not executed." Afterwards Miller sued out an *alias* writ of possession, placed it in the hands of the sheriff, and under it had Vaughan turned out, and himself put in. Thereupon Vaughan filed his petition and obtained a supersedeas; and on the hearing, the circuit court quashed and set aside the *alias* writ of possession and its execution, and ordered the possession to be restored to Vaughan.

On the trial of the supersedeas, it was proved that subsequent to the time Vaughan, as Mrs. Houser's agent, was put in possession, he purchased the land from her, and had title conveyed to his wife, Clara Vaughan.

When the sheriff had in his hands the two writs of possession, it was his duty to execute them both simultaneously, and thus leave Mrs. Houser in possession by title paramount to both Miller and Vaughan. And when Vaughan was, by the sheriff, put in possession as Mrs. Houser's agent, he ceased to hold under his own right or claim, and became tenant for, and in the right of Mrs. Houser. The legitimate effect of the sheriff's doings in the premises was the execution of both writs, and he should have returned them accordingly. The proper return on the Miller-Vaughan writ would have shown that he had executed it by putting Miller in possession, and then that he had turned him out and put Mrs. Houser or her agent in, under her writ. This would have been a compliance with the mandate of both writs, and would have left Miller's recovery powerless to molest any one.

In suing out an *alias* writ of possession, after he had declined to be put in possession when offered by the sheriff, Miller sought to make, and did make an improper use of the process of the court. To allow him to do so, would enable him, by indirection, to oust Mrs. Houser of her possession, which had been adjudged and delivered to her, in a suit against himself. This by a seeming artifice which the courts can not sanction. When there exists valid, defensive matter, which constitutes an

[Russell v. Walker.]

equitable defense of the judgment the execution is intended to enforce, it may be inquired into on supersedeas, and the execution perpetually superseded.—*Br. Bank v. Coleman*, 20 Ala. 140; *Martin v. Tally*, 72 Ala. 23. An execution may be superseded, if an unjust or improper use is attempted to be made of it, although the execution be authorized by the judgment.—2 Brick. Dig. 466, § 29.

Vaughan having entered and acquired his possession under and in right of Mrs. Houser, when her writ of possession had turned Miller out and put her in, he had a sufficient right and interest in the subject-matter, to authorize him to move for the vacation of the writ of possession, and of its execution.—*Howard v. Kennedy*, 4 Ala. 592; *Hall v. Hilliard*, 6 Ala. 43.

The judgment of the circuit court is in all things correct, and it is affirmed.