56                SUPREME COURT        [Nov. Term.

[The State *ex rel.* Craft, Admr. etc. v. Williams, Probate Judge, etc.]

# The State *ex rel.* Craft, Admr. &c. *v.* Williams, Probate Judge, &c.

### *Petition for Mandamus.*

1. *Decree of sale of decedent's lands; not conclusive upon heirs; res adjudicata; statute of imitations.*—The decree of the probate court ordering the sale of decedent's lands for the payment of debts upon petition of the administrator is not *res adjudicata* as to the validity of the debts and the insufficiency of the personal property of the estate to pay them as against the decedent's heirs or their successors in interest; and such a decree does not preclude the heirs, or those succeeding to their title or interest in the lands ordered to be sold, from subsequently invoking the defense of the statute of limitations against the debts due by the estate at the time of the rendition of said decree.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

The State of Alabama, on the relation of John Craft, as administrator *de bonis non* of the estate of B. H. Stoutz, deceased, filed his petition addressed to the Hon. William S. Anderson, as judge of the circuit court of Mobile county, asking for the issuance of a writ of *mandamus.* In this petition the following facts were disclosed: B. H. Stoutz died on November 11, 1888. On December 3, 1888, Gaylord B. Clarke was appointed administrator of the estate of said B. H. Stoutz, deceased. On December 21, 1891, Gaylord B. Clarke, as administrator of the estate of B. H. Stoutz, deceased, filed in the probate court of Mobile county an application for the sale of certain real estate belonging to the estate of B. H. Stoutz, deceased, for the payment of a number of debts alleged to be due by said estate, the claims for which debts had been presented to the administrator, or filed in the court. As the result of the application for the sale of said real estate, the probate court of Mobile county rendered a decree on February

15, 1892, authorizing the said Clarke to sell said real estate for the payment of the debts of said B. H. Stoutz, deceased. In June, 1893, Clarke died, without having sold said real estate, or having made any report to the probate court. He had, however, in the mean time, compromised and settled a large number of debts, the existence of which had been shown in the probate court. Among the debts which had not been paid was a debt to Craft & Co., amounting to $232.08, and another debt to A. Pinkus, amounting to $20.25. Craft & Co.'s claim was filed in the probate court on December 10, 1888, and consisted of an account rendered and six promissory notes for $25 each, maturing, respectively, on October 30, November 30, and December 30, 1888. and January 30, February 28, and March 30, 1889. The Pinkus claim was upon an open account and was filed in the probate court on December 10, 1888. After the death of Clarke the present petitioner, John Craft, was appointed administrator *de bonis non* of the estate of B. H. Stoutz, deceased.

No further proceedings were had in regard to the matter of the sale of the real estate belonging to the estate of B. H. Stoutz, deceased, for the payment of said debts, until February 27, 1899, when the present petitioner, John Craft, as administrator *de bonis non* of the estate of said Stoutz filed in the probate court of Mobile county a motion which was in effect for a revivor of said order of sale in his name as administrator *de bonis non.* Prior to the filing of this motion for the revivor of said order, the heirs of said B. H. Stoutz filed in the probate court of Mobile county a petition asking for the sale of the same real estate for division among the heirs. The proceedings had upon this petition were regularly conducted and resulted in a decree of sale for the purposes set forth in the petition. At this sale one C. L. Cowart became the purchaser. After having so purchased the lands sold for division, said C. L. Cowart died and his widow and heirs, together with the administrator of his estate, filed an application in the probate court praying to be let in as parties defendant and defend against the motion of the petitioner, John Craft, for the revivor of the order of sale which

had been granted in favor of Gaylord B. Clarke, as administrator in chief. The grounds of this motion were, 1st, that the debts of said estate which remained unpaid had been barred by the statute of limitations, and, second, because whatever may have been the necessity for the sale of the real estate at the time the order was granted, the necessity no longer existed, since nearly all of the debts had been compromised and settled, so that the balance remaining due and unpaid could be paid off with the personal estate on hand. The court granted an order allowing the application of the heirs and administrator of C. L. Cowart to appear and defend. Thereupon John Craft, as administrator *de bonis non,* moved the court to set aside said order allowing the said intervenors to defend, upon the ground that it had been made without notice to him, and upon other grounds which went to the merit of the defense. This motion was submitted to the probate court at the same time and together with the merits of the case. Upon this hearing the court refused to strike the order allowing the intervention and also refused the application for the revivor. Thereupon said John Craft filed the present petition, addressed to the judge of the circuit court, asking for the issuance of a writ of *mandamus* to compel the probate court to strike out the application of the heirs of Cowart and his administrator to be let in to defend; and further to require the court to grant the application of the administrator *de bonis non* for a revivor.

The circuit court refused the application for a *mandamus.* From the judgment refusing the *mandamus* the petitioner appeals, and assigns the rendition thereof as error.

D. B. COBBS and R. T. ERVIN, for appellant.—The decree of the probate court ordering the sale of the property was *res adjudicata* as to the validity of the debts and was conclusive upon the heirs.—*Grimball v. Mastin,* 77 Ala. 562; *Lightfoot v. Lightfoot,* 27 Ala. 358-9; *Trimble v. Farris,* 78 Ala. 272; *Bond v. Smith,* 2 Ala. 660; *Steele v. Steele,* 64 Ala. 455; *Davis v. Tarver,*

[The State *ex rel.* Craft, Admr. etc. v. Williams, Probate Judge, etc.]

65 Ala. 100; *Gayle v. Johnston,* 72 Ala. 255; *Foxworth v. White,* 72 Ala. 230; *Chardavoyne v. Lynch,* 82 Ala. 376.

GREGORY L. & H. T. SMITH and PHARES COLEMAN, *contra.*—The heirs of the purchasers from the heirs may successfully defend upon application of such sale upon the ground that the debts, for the payment of which the sale is sought, are barred by the statute of limitations. This has been too well defined to admit of argument.—*Warren v. Hearne,* 82 Ala. 555; *Trimble v. Farris,* 78 Ala. 260; *Steele v. Steele,* 64 Ala. 438; *Harwood v. Harper,* 54 Ala. 664-5; *Bond v. Smith,* 2 Ala. 660.

It is clear upon principle that the heirs of Stoutz and the purchasers from them might defend against an application for the sale of the real estate for the payment of debts, upon the ground that those debts were barred by the statute of limitations, and that this would be true whether the bar accrued prior or subsequent to the death of the decedent. This principle has been, on several occasions, applied directly to cases like that at bar.—*Richard v. Williams,* 7 Wheat. 115; *Wellman v. Lawrence,* 15 Mass. 326.

TYSON, J.—Confessedly, at the date the revivor was attempted, the debts, for the payment of which the lands are sought to be subjected, were barred by the statute of limitations, more than six years and six months having elapsed between their maturity and the making of the motion for the order or revivor, unless the order of sale granted on the petition of the administrator in chief, sought to be revived and enforced by this appellant, precludes the heirs of those succeeding to their title or interest in the lands from invoking the defense. The vital question presented for our consideration is, whether the decree of sale is *res adjudicata* as to the validity of the debts, and the insufficiency of personal property of the estate to pay them as against the heir or his successor in interest. Before disposing of this question, it will not be amiss to say, notwithstanding it seems to be conceded, that the defendants in the

revivor proceeding, who acquired the title of the heirs of appellant's intestate by purchase under a decree of sale of the probate court of the lands for partition, can interpose any defense which would be available to the heirs. In other words, they take the place of the heirs, having the title to the land sought to be subjected.—*Spears v. Banks,* 114 Ala. 323.

On the death of an intestate, his lands descend directly to the heir, subject to the right of the personal representative to subject them to payment of debts, which are valid, subsisting, legal demands against the intestate, if he was living. The existence of an insufficiency of personal property to pay the debts, however, is a condition precedent to the exercise of this power. So, then, as against the heir or his successor in interest, the land cannot be sold by an administrator to pay debts, unless there exists at the time of the sale, valid, legal, subsisting demands against the intestate and an insufficiency of personal property to satisfy those demands.—*Steele v. Steele,* 64 Ala. 438; *Scott v. Ware, Ib.* 174. This must be the *status* or condition of the estate at the time the decree of sale is rendered and this *status* must continue until the title of the heir is divested by the proper execution of the decree. Manifestly if there are no debts, or if the debts which once were enforceable demands have become barred by the statute of limitation, no necessity exists for the exercise of the power reposed in the administrator by the statute to sell the lands of the heir. This proposition does not seem to be controverted by appellant, but it is contended that when the petition for the sale of the lands was heard, the heirs were parties and had the opportunity to interpose all available defenses against the validity of the debts as enforceable demands, and, therefore, they or their successors in interest are now precluded from showing a change in the *status* of the estate—to-wit, that there are no debts for the reason that they are barred by the statute of limitations. The principles declared in *Ford v. Ford,* 68 Ala. 141, are conclusive of this point. It is there said: "When an application to the Court of Probate, by a personal rep-

resentative, for an order to sell lands for the payment of debts, is contested, it assumes the form, and has the characteristics and properties, of a suit *inter partes.* The judgment or decree rendered by the court is conclusive between the parties, in reference to the subject-matter of the suit, and the matters which were in issue and determined. If the judgment or decree is that the order of sale be granted, it is conclusive that, at the time of its rendition, the personal property of the estate is insufficient for the payment of debts. Or, if the judgment or decree is that the application be not granted, it is conclusive that the personal assets are then insufficient for the payment of debts. The judgment or decree has relation solely to the *status* of the estate in this respect, at the time of its rendition, and not to its *status* at some subsequent time, when new facts may have occurred changing it. Debts may come to the knowledge of the personal representative, and may be presented and preferred, of which he was uninformed, and the payment of which may render a sale of the lands necessary. Or, without fault on his part, the personal assets may be lost or diminished in value, rendering a sale of the lands necessary, which was unnecessary while the personal assets were available. The decree of the Court of Probate, refusing an order for the sale of the lands, and dismissing the application of the personal representative, as between him and the heirs who were parties, is conclusive, that the personal property of the intestate was, at the time of its rendition, sufficient for the payment of debts." See also *McCalley v. Robinson,* 70 Ala. 432. It is scarcely necessary to add, that if the personal representative is not estopped to show a change in the *status* of the estate rendering it necessary to sell lands to pay debts, that the heir is not precluded from showing the non-existence of such necessity. Estoppels must be mutual.

Affirmed.