## Kelly, et al. v. Coke, et al.

### Bill to Quiet Title.

(Decided June 30, 1915. 69 South. 576.)

*Quieting Title; Bill; Offer to Do Equity.*—Although a bill filed under the Code (Section 5443-5449) is not demurrable for a failure to offer to do equity, yet where it appears that the respondent claimed as mortgagee under a mortgage given for value by the mortgagor, but which mortgage is invalid because of the mortgagee's failure to comply with the provisions of Sections 3642-3644, Code 1907, relief will not be granted unless complainant offers to do equity by repaying a consideration received, or as much thereof as remains unpaid.

APPEAL from Lauderdale Chancery Court.

Heard before HON. W. H. SIMPSON.

Bill by J. F. Kelly and others against Rosser J. Coke, trustee, and others, to quiet title to land. From a decree dismissing the bill complainant appeals. Affirmed.

ASHCRAFT & BRADSHAW, for appellant.

MITCHELL & HUGHSTON, for appellee.

SOMERVILLE, J.—Although a bill of complaint for the quieting of title to land, under sections 5443-

5449 of the Code, is not demurrable for want of an offer to do equity, yet, when by pleading and proof it appears that the respondent claims as mortgagee of the complainant or his grantor, the mortgage being given for value actually moving to the mortgagor, and the mortgage being invalid only by reasons of the mortgagee's noncompliance with those provisions of the Code (sections 3642-3644) regulating and prescribing the conditions upon which foreign corporations may do business in this state, a court of equity will not grant relief to the complainant unless he amends his bill and offers to do equity by the repayment of the consideration received by the mortgagor, or so much thereof as may remain unpaid.

It is true that this condition to relief is not prescribed by the statutes authorizing this proceeding, but it is nevertheless inherent in the practice of chancery courts, and is applied to all suitors who seek their aid—at least until the Legislature sees fit to abrogate in their favor the favorite maxim of equity, that "he who seeks equity must do equity.'

Complainant did not offer to do equity by offering to repay to respondents the consideration received by the mortgagor, and the bill of complaint was properly dismissed by the chancellor, as we have ruled, on like facts, in the case of *Coburn et al. v. Coke, Trustee, et al, infra* 69 South. 574.

The decree of the chancery court will therefore be affirmed.

ANDERSON, C. J. and MAYFIELD and THOMAS, JJ., concur.