(84 South. 748)
ELBA BANK & TRUST CO. et al. v. BLUE.
(4 Div. 818.)

(Supreme Court of Alabama.   Dec. 18, 1919.)

1. BILLS AND NOTES ☞332—TRANSFEREE OF NOTE AND MORTGAGE HELD NOT A BONA FIDE PURCHASER.

Where creditor, under collusive arrangement with third person to purge debt of usurious taint, shifted debt to third person, to whom debtor executed note secured by mortgage, the creditor, on obtaining note from third person, was not a bona fide purchaser.

2. HUSBAND AND WIFE ☞171(13)—RESTORATION OF COLLATERAL SECURITIES TO SECURE ORIGINAL DEBT WILL NOT BE ORDERED AS A CONDITION OF CANCELLATION OF WIFE'S MORTGAGE TO SECURE LOAN TO PAY OFF SUCH DEBT.

Where husband's creditor, to purge debt of usury, made collusive arrangement with third person, whereby note secured by mortgage on wife's land was executed to third person, who made loan wherewith creditor was paid balance due it, and who thereafter transferred note to creditor, the creditor, after surrendering to husband securities held as collateral for original debt, with knowledge that wife was merely a surety for husband, was not entitled to a return thereof as a condition to cancellation of the mortgage in wife's action therefor, particularly where wife was not in control of mortgage collateral, and where stock collateral was worthless because of bankruptcy of corporation, since in such case order of restoration would be vain.

Appeal from Circuit Court, Coffee County; A. B. Foster, Judge.

Bill by Lucile Blue against Mrs. Lemmer Lee and the Elba Bank & Trust Company to cancel a mortgage. Decree for complainant, and respondents appeal. Affirmed.

See, also, 200 Ala. 129, 75 South. 577.

. The bill is to cancel a certain mortgage executed by Mrs. Lucile Blue and her husband to Mrs. Lemmer Lee, on June 1, 1916, to secure an indebtedness of $1,593.32, and by Mrs. Lee transferred on January 3, 1917, to the Elba Bank & Trust Company for an alleged consideration of the face value of the mortgage and accrued interest at 8 per cent. The bill charges usury in the debt, and has an alternative prayer for an accounting and elimination of usury, and for a redemption from the mortgage if the court should decree that any balance was due from complainant. The basis for the prayer for cancellation is the allegation that the debt secured was the debt of complainant's husband, for the payment of which she was but a surety. On final hearing, relief was granted, and the appeal is from this decree, and the denial to respondents of the prayer of their cross-bill seeking to foreclose the mortgage and to have restored to the bank certain other collateral.

W. W. Sanders, of Elba, for appellant. A joint debt contracted by a husband and wife, secured by a joint mortgage upon the property of the wife, is not within section 4497, Code 1907. 188 Ala. 535, 66 South. 454; 120 Ala. 223, 25 South. 300. Mortgage sets out that it was the debt of the wife, and casts on her the burden to show that it was not her debt. 175 Ala. 448, 57 South. 739; 132 Ala. 134, 31 South. 456.

H. L. Martin, of Ozark, for appellee. The agent knew that it was Blue's debt, and therefore his principal must know 'it. 182 Ala. 407, 62 South. 704; 180 Ala. 421, 61 South. 928; 197 Ala. 354, 72 South. 538; 194 Ala. 687, 70 South. 115. The transfer was merely a change of creditors. 15 Ala. App. 482, 73 South. 990.

SOMERVILLE, J.   A careful analysis and consideration of the testimony and documentary evidence in this case convinces us that the conclusions of the trial court are sound, and that the decree appealed from should not be disturbed.

The issues presented are issues of fact, and we entertain no serious doubt that the aggregated debt, for the security of which the mortgage in question was given, was in fact the debt of the husband alone, with the exception of the item of $300, which is properly held to be a valid joint obligation, for which complainant is bound. We are satisfied, also, that the shifting of the debt, until then carried by the respondent bank, to Mrs. Lee, under the guise of a new and independent security, was in fact a collusive arrangement, designed to fasten the original debt upon complainant, the wife, and at the same time to purge it of its usurious taint in the hands of the bank.

[1] In the face of these clear conclusions of fact, the contention of the appellant bank, founded upon the theory that it was a bona fide purchaser of the security, for value, from Mrs. Lee, and that Mrs. Lee is ostensibly liable to the bank as indorser of the mortgage note, is without force. So, also, as to the theory of the wife's liability for that part of the debt which covered the purchase price of three shares of the drug store stock, transferred to complainant by her husband, or at his instance, after its purchase by him. If complainant had executed a separate and distinct obligation, with her husband, for the purchase price of the drug store stock, this contention would perhaps be of considerable weight.

[2] One of appellant's insistences is that complainant is not entitled to the relief sought

---

and decreed, unless she does equity by restoring to the bank a certain mortgage deed and certain shares of drug store stock, which were held by the bank as collateral security for the joint obligation of complainant and her husband—amounting, in balance, to $1,219.32—and which were surrendered to them when they paid that balance to the bank out of the proceeds of the loan made to them nominally by Mrs. Lee. The principle invoked is sound enough, and is frequently applied in courts of equity. Walker, Supt., v. Baker, 74 South. 368;[1] Coburn v. Coke, 193 Ala. 364, 69 South. 574. But we do not think it can be applied to a transaction of this character. The collateral securities referred to were surrendered by the bank with knowledge of the circumstances attendant upon the giving of the mortgage to Mrs. Lee, and in consideration of the payment of the debt for which they were held, not in consideration of the execution of the Lee mortgage. An equitable right to have the collaterals restored cannot arise out of the wife's assertion of the invalidity of her obligation to pay or secure the payment of the Lee mortgage.

Moreover, it appears that the mortgage collateral was delivered to the husband, and is not now in the custody or control of the wife, and that the stock collateral has been rendered wholly worthless by the bankruptcy of the drug company and the liquidation of its assets. Under these circumstances it would be vain to order or enforce a restoration as a measure of equitable relief. It results that the decree of the circuit court was without error, and must be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.