(105 So. 200)

**CLARK et al. v. WHITFIELD et al.** (2 Div. 869.)

(Supreme Court of Alabama. April 23, 1925. Rehearing Denied June 25, 1925.)

**1. Partition** 77(3)—**Mining property not generally susceptible to division by metes and bounds.**

Mining property is not susceptible of division by metes and bounds if veins, seams, or bodies of ore or coal are averred to be unevenly distributed.

**2. Pleading** 8(2)—**General averment, that lands could not be equitably divided without sale, held sufficient.**

In view of Code 1907, §§ 5222, 5231 (Code 1923, §§ 9322, 9331), and Acts 1923, p. 659, general averment that coal lands described could not be equitably divided without a sale held averment of fact, and sufficient on demurrer to bill for partition.

**3. Equity** 269—**Matter by way of replication and in avoidance of answer may properly be introduced by way of amendment to bill.**

Though, under Code 1907, § 3122, no replication is necessary to a plea and answer, matter by way of replication and in avoidance of answer may be properly introduced by way of amendment to bill.

**4. Partition** 62—**Bill puts in issue equities and claims of all claimants.**

Under Code 1907, §§ 5231, 5232, as amended by Acts Sp. Sess. 1909, p. 124, and Acts Sp. Sess. 1920, p. 164, bill for partition puts in issue the respective claims of all parties in interest before the court, including the determination of the equities and claims of joint owners, incumbrancers, and lienholders, and bears analogy to a bill for accounting generally.

**5. Equity** 269—**Pleading in equity must be construed most strongly against pleader, and rule applies to amended bill added by way of replication.**

Pleading in equity, as at law, must be construed most strongly against the pleader, and that rule applies to amended bill added by way of replication and avoidance to estoppel and res judicata set up in answer.

**6. Judgment** 713(2)—**Rule of "res judicata" stated.**

Rule of "res judicata" is that judgment of court of competent jurisdiction on the merits is final and conclusive of matter in controversy, and what ought to have been litigated between parties.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Res Adjudicata.]

**7. Judgment** 584—**Status on which res judicata dependent presumed to continue until contrary shown.**

The rule of res judicata is applied to the status at time of rendition of former decree or judgment, and that status is prima facie presumed to continue until facts are alleged and proved which have brought about a materially changed condition of fact presenting a different status for adjudication.

**8. Judgment** 666, 678(1)—**Conclusive only as to same parties or parties in privity.**

A judgment, to conclude either party as to subject-matter, must be such as to work a mutual estoppel, and plea of res judicata, to be good, must show parties litigant in the two suits are the same, or that they are in privity of estate or blood or in law with parties to former action.

**9. Judgment** 678(2)—**Parties within ruling of res judicata determined.**

Within meaning of rule that judgment in former controversy is binding on parties thereto on matter litigated, parties in subsequent suit are generally *held* to be the same, where there is privity in blood or estate or in law with original parties.

**10. Partition** 77(3)—**Unusual nature of property and value and extent of partition are material facts in applying statute.**

In determining whether partition is warranted under Code 1907, § 5222, as amended by Acts 1923, p. 659, and section 5231, as amended by Acts Sp. Sess. 1909, p. 124, the unusual nature of property to be divided and the value and extent of partition are material facts.

**11. Partition** 60—**Petitioners for partition should have offered to do equity in premises.**

In suit, under Acts Sp. Sess. 1920, p. 164, and Acts Sp. Sess. 1909, p. 124, for partition by sale of coal lands by operators of mines who were purchasers of one of joint owners, where answer set up impossibility of equitable division without sale, res judicata by decree of probate court, and estoppel because of condemnation and purchase by complainants of most feasible approach to mine, so that no other purchasers at partition sale could com-

pete with complainants, amendment to bill by way of replication and avoidance should have offered to do equity in the premises.

**12. Partition .☞59—Bill demurrable on failure to offer to do equity.**

In partition suit by one of joint owners operating coal mines, failure of bill to offer to do equity *held* properly raised by demurrer, under rule that he who asks equity must do it, court being without jurisdiction to render decree without such showing or offer in bill.

**13. Tenancy in common ☞26—Mining or commercial timbering, without consent of other joint owners, is waste which may be enjoined.**

Mining or commercial timbering results in depletion and destruction of lands pro tanto, and such use by joint owner, without consent of others, is a waste which may be enjoined.

**14. Partition .☞60—Replication, averring changes in coal lands since former decree, should be specific.**

In suit for partition of coal lands comprising several tracts, where answer pleaded res judicata of former decree of probate court, amendment to bill by way of replication, averring that portions of mines were worked out by excavation of coal of certain seams, etc., should definitely state as to what lands averments applied.

**15. Partition ☞60—Change to status of estate held sufficiently shown to be relieved from res judicata of probate decree.**

In suit for partition of coal lands, where answer set up res judicata under decree by probate court, replication averring subsequent excavation of coal on certain designated seams, and subsequent necessary relocation of slopes, airways, headings, and entries, as shown by evidence, *held* to present sufficient changed status of estate.

**16. Partition ☞77(3)—Number of interests into which partition would be required to be made are pertinent.**

In suit for partition of coal lands by sale under Code 1907, § 5231, number of interests into which division or partition would be required to be made are pertinent.

Appeal from Circuit Court, Bibb County; S. F. Hobbs, Judge.

Bill in equity by Sallie W. Whitfield and others against Julia F. Clark and others. Decree for complainants, and respondents appeal. Reversed and remanded.

Jerome T. Fuller, of Centreville, and Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellants.

The bill is demurrable for failure to offer to do equity. Sims, Ch. Pr. §§ 292, 293; Smith v. Conner, 65 Ala. 371; Hobbs v. N., C. & St. L., 122 Ala. 602, 26 So. 139, 82 Am. St. Rep. 103; Robertson v. Bradford, 73 Ala. 116; Goodman v. Winter, 64 Ala. 410, 38

Am. Rep. 13. Complainant must show by his bill that he is entitled to the relief he seeks; he must not set forth mere conclusions. Cameron v. Abbott, 30 Ala. 416; Lipscomb v. McClellan, 72 Ala. 151; Scholze v. Steiner, 100 Ala. 148, 14 So. 552; McKinley v. Irvine. 13 Ala. 693. The pleading will be construed most strongly against the pleader. Strickland v. Gay-Hardie & Co., 104 Ala. 375, 16 So. 77; Lewis v. Mohr, 97 Ala. 366, 11 So. 765; Smith v. Teague, 119 Ala. 385, 24 So. 4. The same issues having been previously adjudicated, the former suit is a bar. Finch v. Smith, 146 Ala. 644, 41 So. 819, 9 Ann. Cas. 1026; Gilbreath v. Jones, 66 Ala. 129; McCall v. Jones, 72 Ala. 368; Lehman v. Glenn, 87 Ala. 618, 6 So. 44; Brown v. Tillman, 121 Ala. 626, 25 So. 836; Glasser v. Meyrovitz, 119 Ala. 152, 24 So. 514; Cannon v. Brame, 45 Ala. 262; Boykin v. Cooke, 61 Ala. 472.

Percy, Benners & Burr, of Birmingham, for appellees.

The language of the bill, that the lands could not be equitably divided without a sale thereof, was sufficient against demurrer. Smith v. Witcher, 180 Ala. 102, 60 So. 391. Findings of fact by the trial court on testimony delivered orally are presumably correct. Curb v. Grantham, 212 Ala. 395, 102 So. 619; Fitzpatrick v. Stringer, 200 Ala. 574, 76 So. 932; Andrews v. Grey, 199 Ala. 152, 74 So. 62; Hess v. Hodges, 201 Ala. 309, 78 So. 85, L. R. A. 1918D, 858. Matter in avoidance of a plea may be introduced by amendment to the bill. Scharfenberg v. New Decatur, 155 Ala. 651, 47 So. 95; Smith v. Vaughan, 78 Ala. 201. Estoppel of a judgment extends only to the facts as they were at the time the judgment was rendered. 23 Cyc. 1161; Crausby v. Crausby, 164 Ala. 471, 51 So. 529; State ex rel. Craft v. Williams, 131 Ala. 56, 30 So. 782, 90 Am. St. Rep. 17; Mayer v. Kornegay, 152 Ala. 650, 44 So. 839; Campbell v. Gullo, 142 La. 1082, 78 So. 124, L. R. A. 1918D, 251.

THOMAS, J. The bill as amended is for sale of lands for division among joint owners.

[1] As a general rule, mining property, from its unusual nature, is not susceptible of division by metes and bounds if the veins, seams, or bodies of ore or coal are averred to be unevenly distributed. For the same reason the values are, more or less, conjectural until proved by sufficiently extended development and tests. And a sale of such lands for division was held necessary and approved in Sheffield, C. & I. Co. v. Ala. F. & I. Co., 185 Ala. 50, 64 So. 67; Trucks v. Sessions, 189 Ala. 149, 66 So. 79; Ezzell v. Wilson, 200 Ala. 612, 76 So. 970; Musgrove v. Aldridge, 205 Ala. 189, 87 So. 803. For gen-

eral authorities see L. R. A. 1916D, at page 1157 et seq.

We may say that the rulings on questions of fact were within the rule of Hackett v. Cash, 196 Ala. 403, 72 So. 52. Extended, as it is, to chancery cases, where the evidence is heard by the judge rendering the decree (Hodge v. Joy, 207 Ala. 198, 92 So. 171), in open court and is ore tenus. Andrews v. Grey, 199 Ala. 152, 74 So. 62; Fitzpatrick v. Stringer, 200 Ala. 574, 76 So. 932; Caples v. Young, 206 Ala. 282, 89 So. 460; Hess v. Hodges, 201 Ala. 309, 78 So. 85, L. R. A. 1918D, 858. The ruling on demurrer to the bill as amended is assigned and urged as error.

[2] The general averment that the lands described could not be equitably divided without a sale was an averment of fact and sufficient in the language of the statute. Code 1907, §§ 5222, 5231 (Code 1923, §§ 9322, 9331); Acts 1923, p. 659; Wood v. Barnett, 208 Ala. 295, 94 So. 338; Chandler v. Home Loan Co., 211 Ala. 80, 99 So. 723; Smith v. Witcher, 180 Ala. 102, 60 So. 391. And for the purpose of the bill (if unembarrassed by estoppel or res judicata), the general averments contained in the amendment would be sufficient. Is it different when the amendment is considered by way of replication or avoidance?

[3] Under our statute and practice in courts of chancery no replication is necessary to a plea and answer (Code 1907, § 3122) but when a plea or answer is filed, that is proper in allegation, matter by way of replication and in avoidance thereof may be properly introduced by way of an amendment to the bill. Scharfenburg v. The Town of New Decatur, 155 Ala. 651, 47 So. 95; Smith v. Vaughan, 78 Ala. 201; Lanier v. Hill, 30 Ala. 111. The effect of the statute as amended was the subject of discussion in Wood v. Barnett, 208 Ala. 295, 94 So. 338, Sandlin v. Anders, 210 Ala. 396, 98 So. 299, and Stokes v. Stokes (Ala. Sup.) 101 So. 885,[1] and it was declared that the enlarged jurisdiction of a court of equity, as to such matter, was to determine all questions of title, to apportion incumbrances and adjust claims and equities between the holders thereof and those between the several cotenants or claimants.

[4] Thus under the amended statute the filing of proper pleading put in issue the respective claims of the parties at interest before the court, for it presupposes an accounting (and determination as to the subject-matter) to be made to incumbrancers and lienholders, and a determination of the equities and claims of joint owners and claimants. It bears analogy to a bill for accounting generally. Grand Bay Land Co. v. Simpson, 205 Ala. 347, 87 So. 186.

Was the bill as amended under the amended statutes (Acts Sp. Sess. 1920, p. 164; Acts Sp. Sess. 1909, p. 124) and as construed in Sandlin v. Anders, 210 Ala. 396, 98 So. 299, Wood v. Barnett, 208 Ala. 295, 94 So. 338, and Stokes v. Stokes (Ala. Sup.) 101 So. 885,[1] sufficient in averment, when challenged by demurrer, carrying the amendment, as it did, of matters by way of replication and avoidance of the answer? That is to say, the bill as amended, among other things sought to present a changed status quo to that presented, and theretofore decided adversely to the complainants in Finch v. Smith, 146 Ala. 644, 41 So. 819, 9 Ann. Cas. 1026. The matter set up in the answer was in the nature of facts peculiarly within equitable cognizance and estoppel by judgment. The reply is averred by way of amendment to the bill. It was to the effect that since filing the petition referred to in paragraph 4 of respondents' answer the "several facts have changed or new facts have occurred," viz.: That parties to the original suit have died, creating life estates and remainders as small as one eighty-fourth interest in said land; seams of coal on said land since then have been altogether or partially mined out, and thereby changed the value of different portions of said land as contrasted with other portions; slopes and workways have been made, thereby making inequitable in value the different portions of the land; faults have been discovered in certain portions, "making partition more difficult and unfair"; parties not then born have succeeded by inheritance to interests in the land; and "many conditions by reason of railroad transportation, excavation of coal on certain seams, location of slopes, airways, headings, and entries, and location of faults have all changed conditions to such an extent as to present changes and different facts from those that existed in 1895 and 1896."

The sufficiency of the foregoing amendments, as showing a changed status, is challenged, and it is insisted that they are mere conclusions of the pleader; that the "complainants do not offer to do equity in the premises"; that "the fact that the value of the parcels, into which the land described in the bill will have to be divided or partitioned in kind, according to the ownership of an undivided interest therein, as set forth in the bill, would be small in comparison with their respective proportionate parts of the value taken as a whole would not constitute such an inability to divide or partition the said land in kind as to authorize this court to order a sale," and that "the lands described in the complaint sought to be sold for division among the joint owners thereof are not contiguous tracts, and for aught that appears in the bill of complaint some of the lands described therein can be divided in kind for that the lands described in the bill of complaint are not contiguous."

[5] The pleading in equity, as at law, must

---

[1] 212 Ala. 190.

be construed most strongly against the pleader (Strickland v. Gay, Hardie & Co., 104 Ala. 375, 16 So. 77; Lewis v. Mohr, 97 Ala. 366, 11 So. 765; Randolph v. Bradford, 204 Ala. 378, 86 So. 39; Hines v. Seibels, 204 Ala. 384, 86 So. 43), and this applies to the amended bill added by way of replication and avoidance to the estoppel and res judicata by decree of the probate court set up in the answer. That is, "the equity of a bill will be considered from the facts as the plaintiffs present them (Smith v. Teague, 119 Ala. 385, 24 So. 4), and no advantage * * * can be claimed from vague and indefinite allegations in his [complainant's] bill (Underhill v. Mobile, etc., Ins. Co., 67 Ala. 45)." Randolph v. Bradford, supra. And the bill as amended must set forth the facts authorizing the relief prayed, notwithstanding the former adjudication of the right of sale vel non for division. Scholze v. Steiner, 100 Ala. 148, 152, 14 So. 552; Cameron v. Abbott, 30 Ala. 416; Cullman Property Co. v. Hitt Lumber Co., 201 Ala. 150, 77 So. 574.

Since the amendment to the original bill is by way of replication to the answer, the two pleadings will be considered together in determining the sufficiency of demurrer addressed to the bill as amended. The averment of the recent discovery of faults in the seams of coal was of continuing natural conditions and facts which existed at the time of the former adjudication; the slopes, workways, entries, etc., have been constructed or maintained by one of the complainants as lessee; the death of some of the original parties leaving life estates and remainders changed the adjudged status of the subject-matter, though in privity of blood or estate with the original parties to the former suit. The changed conditions, by reason of railroad transportation and excavation of coal on certain seams, considered as matters of replication and avoidance, were most general. The specific maps in evidence did not aid the pleading in question.

[6] The general rule of res judicata is that a judgment of a court of competent jurisdiction, rendered on its merits, is final and conclusive of the matter in controversy and what ought to have been litigated in the suit as between the parties to the litigation. Crausby v. Crausby, 164 Ala. 471, 51 So. 529; Mayer v. Kornegay, 152 Ala. 650, 44 So. 839; Schillinger v. Leary, 201 Ala. 256, 77 So. 846; Steele v. Crute, 208 Ala. 2, 93 So. 694; Coleman v. Birmingham Fertilizer Co., 208 Ala. 160, 93 So. 904; Hines v. Miniard, 208 Ala. 176, 94 So. 302; Redd Bros. v. Todd, 209 Ala. 56, 95 So. 276; Terrell v. Nelson, 199 Ala. 436, 439, 74 So. 929.

[7] It follows that the res judicata is applied to the status at the time of the rendition of former decree or judgment, yet that status is prima facie presumed to continue, until facts are alleged and proved which have brought about a materially changed condition of fact, presenting a different status for adjudication. McCalley v. Robinson's Adm'r, 70 Ala. 432; State ex rel. Craft, Adm'r, v. Williams, 131 Ala. 56, 30 So. 782, 90 Am. St. Rep. 17.

[8] A judgment, to conclude either party as to the subject-matter, must be such as to work a mutual estoppel; hence a plea of res judicata, to be good, must show the parties litigant in the two suits are the same (Terrell v. Nelson, 199 Ala. 436, 439, 74 So. 929; Fidelity & Deposit Co. of Maryland v. Robertson, 136 Ala. 379, 410, 34 So. 933; Jones v. Adler, 183 Ala. 435, 62 So. 777; Burgin v. Raplee, 100 Ala. 433, 14 So. 205; Allison v. Little, 85 Ala. 512, 5 So. 221; Id., 93 Ala. 150, 9 So. 388; Gilbreath v. Jones, 66 Ala. 129; Schillinger v. Leary, 201 Ala. 256, 77 So. 846; Irby v. Commercial National Bank, 204 Ala. 420, 85 So. 509) or else they must be in privity of estate or blood or in law with the parties in such former action. McLelland v. Ridgeway, 12 Ala. 482; Alabama Power Co. v. Hamilton, 201 Ala. 62, 77 So. 356; Norwood v. Goldsmith, 168 Ala. 224, 236, 53 So. 84; Miller v. Vaughan, 78 Ala. 312; Moore & Handley Hdwe. Co. v. Curry, 106 Ala. 284, 18 So. 46; Sibley v. Alba, 95 Ala. 191, 10 So. 831; Trimble v. Fariss, 78 Ala. 260; Howard v. Kennedy, 4 Ala. 592, 39 Am. Dec. 307; Lang's Heirs v. Waring, 17 Ala. 145; Wilkins v. Judge, 14 Ala. 135; St. John v. O'Connel, 7 Port. 476; Adm'r of Joseph Gee v. Williamson, 1 Port. 313, 27 Am. Dec. 628; City of Huntsville v. Goodenrath, 13 Ala. App. 579, 68 So. 676; 34 C. J. 984; 23 Cyc. 1237, 1280; 20 R. C. L. pp. 784, 788. That is, a person who can claim the benefit of a judgment as an estoppel upon his adversary is one who would have been prejudiced by a contrary decision in the case. L. & N. R. R. Co. v. Brinkerhoff & Co., 119 Ala. 606, 24 So. 892; Harris v. Plant & Co., 31 Ala. 639; Gwynn v. Hamilton's Adm'r, 29 Ala. 233; Phillips v. Thompson, 3 Stew. & P. 369; Atlantic Coast Line Ry. Co. v. State, 204 Ala. 80, 85 So. 424. The complainants are each parties or privies as to the subject-matter, and parties concluded by the affirmance in Finch v. Smith, 146 Ala. 644, 41 So. 819, 9 Ann. Cas. 1026, under the general rule. The facts, that one of the present complainants (Smith) was a respondent in the original suit, did not change the application of the general rule, if it is to be applied to such a suit and the pleading as now formed.

[9] The cases cited are not of controlling effect. In Hibler v. Oliver, 193 Ala. 369, 69 So. 477, the bill was for partition or sale, distribution and accounting for waste. The insistence was made that the administrator with the will annexed had procured a construction of the testator's will, and required bond of children of testator to protect the remaindermen under provisions of the will.

It was held that the construction made did not conclude the remaindermen as to lands which the will did not attempt to dispose of, by passing title thereof to any one, but directed a sale of testator's title to the lands in question. It was said that it "was the testator's title which passed by this sale, and not that of any devisee' or legatee, and the purchaser acquired the fee-simple title by virtue of the sale, and not as a devisee under the will." The limited effect of the former decree, sought to be invoked as estoppel in that case, is well stated in that opinion, and it shows that it was not in contravention of the rule that parties in privity of estate or blood or in law with parties in the former action are bound by a valid decree or judgment rendered as to the subject-matter and within the pleadings in such case. The parties or privies are changed in the instant suit from those in Finch v. Smith, 146 Ala. 644, 41 So. 819, 9 Ann. Cas. 1026, though we have shown that the same parties are generally held to embrace those who are thereafter in privity in blood or estate or in law with the original parties. McLelland v. Ridgeway, 12 Ala. 482; Miller v. Vaughan, 78 Ala. 312; Lang's Heirs v. Waring, 17 Ala. 145; St. John v. O'Connel, 7 Port. 476; 34 C. J. 984; 23 Cyc. pp. 1237, 1280. And if one complainant is estopped, all are bound. Dunklin v. Wilson, 64 Ala. 162, 170.

What of the alleged changed status of the real properties sought to be partitioned or sold for division in 1895? The cases of State ex rel. Craft, Adm'r, v. Williams, 131 Ala. 56, 30 So. 782, 90 Am. St. Rep. 17; McCalley v. Robinson's Adm'r, 70 Ala. 432, and Crausby v. Crausby, 164 Ala. 471, 51 So. 529, are cited in support of such averred change of the subject-matter or status of the estate. In McCalley v. Robinson's Adm'r, supra, the effort was to sell lands to pay debts due and presented, and not barred by the statute of limitations or of nonclaim and depending on the "insufficiency of personal assets." The pleading and evidence showed that the debt claimed by petitioner was put in issue in both proceedings: it was held a conclusive judgment as bar to the second petition. The court observes of such cases that the personal assets "may be diminished, lost or destroyed, without the fault of the administrator; or other claims may be presented, within the eighteen months allowed by law, not before brought to the knowledge of the administrator"; that there was no evidence of any such change in the status of the decedent's estate in either of these respects. The case of State ex rel. Craft, Adm'r, v. Williams, supra, was a like proceeding to McCalley v. Robinson's Adm'r, supra, instituted by an administrator de bonis non against the probate judge, and was of like import as to the status of the estate at the time of rendition of the judgment, and not subsequent thereto, "where new facts have occurred changing it" under the statutes obtaining in the premises.

In Crausby v. Crausby, 164 Ala. 471, 476, 51 So. 529, 531, the suit was for redemption from foreclosure, and sought partition or sale. The earlier authorities are quoted as to a plea of res judicata, to the effect that, to be bound thereby, the parties must be the same. In that case a Mississippi case is quoted from with approval, the court saying:

" * * * The bill was dismissed on its merits after full hearing and appeal, and it was held not to have precluded complainant's title to the land, and that the plea of res judicata setting up the decree was not a bar to a subsequent suit between the same parties as to the same land. It was a much stronger case than this. Here all the parties to the suit are not the same; one of the parties filing the plea in this case not being a party when the suit was dismissed. The character and degree of title and claim to the land are shown to be different in some of the parties from what they were in the first."

[10] This is a slight departure from the general application of the rule in a case under the statute that only justifies a sale when the lands cannot be equitably divided or partitioned among the joint owners or tenants in common. If such were not the rule as to a change of parties and the facts of respective interests in joint parties, as affecting the required statutory fact whether or not the same cannot be equitably divided, where partition was sought by sale and denied there could never be such partition or division. As the unusual nature of the property to be divided enters materially into the question of fact which exists and is to be determined, so the value and extent of the partition are likewise matters of material fact in ascertaining whether the statute has application. Code 1907, §§ 5222, 5231, as amended by Acts 1923, p. 659 and Acts Sp. Sess. 1909, p. 124.

[11] Adverting to the pleading, its effect may be stated to be that the underlying mineral gives the land its value; the seams are broken by faults that do not exist under the entire area; the surface is broken and unsuited for agriculture; there is no practical method of reaching much of the coal, except through openings made on adjacent land not owned by the parties to the bill; said lands are under mining leases from the owners to the complainant Bessemer Coal, Iron & Land Company, viz. lease April 24, 1915, March 25, 1916, February 14, 1923, giving the right to mine the Youngblood and Thompson Seams, terminable by either party on six months' notice in writing, etc.; and "the sale of said lands for partition," if made, "should be made subject to such lease. Copies of said leases * * * are attached as exhibits." It is further charged in the bill that—

"The value of the parcels, into which the land would have to be divided, if partitioned in kind according to the ownerships of the undivided

interests therein as herein set forth, would be small in comparison with their respective proportionate parts of the value of the tract taken as a whole, for the reason that it would be impracticable to profitably conduct separate coal-mining operations in such divided parcels."

It is shown by the exhibits that some of said lands are not contiguous to other lands owned by said parties and made the subject of the suit, and that all of the joint owners did not give the right of mining the Woodstock Seam of coal embraced in the last lease.

The answer to which the bill as amended is directed, by way of replication, averred, among other things, that the lands can be equitably divided or partitioned among the joint owners thereof without sale; that "complainant Bessemer Coal, Iron & Land Company, one of the complainants, now has an opening and mine working the seams of coal on a large part of the lands described in the bill of complaint, said mines being known as No. 2 slope and No. 5 slope, and these respondents allege that said slopes of Bessemer Coal, Iron & Land Company are so located as to make the mining of the coal under said lands unlikely by any other person, and that on account of the present location of the said Bessemer Coal, Iron & Land Company, if said lands are sold or ordered sold by this court, the Bessemer Coal, Iron & Land Company, because of the location of its present mines working said lands, would be the only bidder for said lands and no other persons would likely bid therefor, and therefore the said Bessemer Coal, Iron & Land Company would secure said lands at said sale for whatever price it might see fit to give. Further answering paragraph 3, these respondents state that Bessemer Coal, Iron & Land Company has already filed an application to condemn the slope on No. 5 mine through section 16, and such application has been granted by the probate court of Bibb county, and hearing been held by commissioners appointed by that court, and said slope of No. 5 so condemned by Bessemer Coal, Iron & Land Company constitutes the most feasible point from which to mine the lands described in the bill of complaint, and with said slope so condemned, if said lands are put up for sale no other purchaser would be in position to compete at said sale with the said Bessemer Coal, Iron & Land Company, and the said Bessemer Coal, Iron & Land Company would therefore secure said lands at whatever price it might see fit to pay, and the joint owners thereof would not receive from such sale the value of their individual interest if made in kind"; and the estoppel by judgment of 1905 in the probate court is set up by the fourth paragraph thereof.

Appellees' counsel say that the complainant Bessemer Company, as a tenant in common, "had the right" to mine the coal on all of said seams, subject to an accounting which they stand ready to make, either in equity or at law, to such of their cotenants as did not give them permission to use the property—meaning the Woodstock Seam. The usual or customary use of joint properties by some of the owners thereof was considered in Gulf Red Cedar Co. v. Crenshaw, 188 Ala. 606, 65 So. 1010; Ferris v. Montgomery L. & I. Co., 94 Ala. 557, 10 So. 607, 33 Am. St. Rep. 146; Sanders v. Robertson, 57 Ala. 465. In the last case cited is the quotation from Darden v. Cowper, 7 Jones' Law (52 N. C.) 210, 75 Am. Dec. 461:

" 'If a tenant in common receives more than his share of the profits, by an excessive use of the property, as by wearing out the land, or by an improper use of it, as by cutting down the timber and selling it, he cannot be treated as a tort-feasor, but the remedy of the cotenant is by an action of account, or a bill in equity for an account.' "

[12] Under the construction of the amended statute (Acts 1920, p. 164) adverted to in Sandlin v. Anders, 210 Ala. 296, 98 So. 299, and Stokes v. Stokes (Ala. Sup.) 101 So. 885,[1] and our well-established rules of equity pleading, we shall see that it was incumbent on complainants, in making the amendment to their bill, in view of the answer, to have offered to do equity in the premises, as well as to reply by averments tending to show a material change of status as to the subject-matter and immediate parties in the two suits. The question is properly raised by demurrer to the bill as amended whether or not complainants are entitled to the relief prayed, when they do not offer to do equity. In Coburn v. Coke, 193 Ala. 364, 367, 69 So. 574, 575, it was said:

"That whatever be the nature of the controversy between the parties, and whatever be the nature of the remedy demanded, the court will not confer its equitable relief upon the party seeking its interposition and aid, unless he acknowledges or concedes, or will admit and provide for, all the equitable rights, claims, and demands justly belonging to the adversary party, growing out of, or necessarily involved in, the subject-matter of the controversy. The court will give the plaintiff the relief to which he is entitled only on condition that he has given or consents to give the defendant such corresponding rights as he may be entitled to in respect of the subject-matter. 1 Pom. Eq. (3d Ed.) § 385; 1 Dan. Ch. Pr. § 441; 1 Story, Eq. § 301."

Many authorities are collected from this and other jurisdictions. See, also, Kelly v. Coke, 193 Ala. 271, 69 So. 576; Walker, Supt., v. Baker, 199 Ala. 310, 74 So. 368; Interstate Trust & B. Co. v. National Stockyards National Bank, 200 Ala. 424, 76 So. 356; Hampton v. Counts, 202 Ala. 331, 80 So. 413; Lauderdale Power Co. v. Perry, 202 Ala. 394, 80 So. 476; Elba Bank & Trust Co. v. Blue, 203 Ala. 524, 84 So. 748; Scott v. Vizard, 207 Ala.

[1] 212 Ala. 190.

70, 91 So. 806; Steele v. Crute, 208 Ala. 2, 93 So. 694; Marx v. Clisby, 130 Ala. 502, 30 So. 517.

In Sims' Ch. Pr. §§ 292, 293, the general rule of our cases is stated as a fundamental principle of equity that he who asks equity must do it, and unless such a one has already done everything which could be required of him, it is necessary for him to offer to the court in his bill "to do his share of equity whenever the court might require"; that the court is without power or jurisdiction to render a decree against him requiring him to do equity without such offer in the bill. Eslava v. Elmore, 50 Ala. 587; Rogers v. Torbut, 58 Ala. 523; Smith v. Conner, 65 Ala. 371; Garland v. Watson, 74 Ala. 323; Sloss-Sheffield S. & I. Co. v. Board of Trustees of University, 130 Ala. 403, 30 So. 433; Marx v. Clisby, 130 Ala. 502, 30 So. 517.

It is not controverted that the complainant Bessemer Coal, Iron & Land Company is a lessee and also one of the joint owners by reason of its purchase, after the former decree in the probate court, from one of the parties or privies in the original suit; that it is seeking to have the land sold for division, makes no offer to do equity in the premises for the unauthorized wastes or diminution of the joint properties in the mining of the Woodstock Seam, and asks that when the sale is made it be subject to its leases; that it has made application for or procured condemnation of a slope into one of the important mineral sections—section 16. In the answer this section is averred to be the most feasible point from which to mine the lands, and that "if said lands are put up for sale no other purchaser would be in position to compete at said sale with the said" complainant company, etc. The effect of the retention of the mining rights conferred by the leases and the acquiring, by the lessee, of the newly condemned slope, tends to deprive or embarrass the parties in adverse interest and others owning adjacent or contiguous lands, in bidding at such sale, if the equities of the parties, as to this acquired slope or way, were not adjusted or adjudicated before the sale. In the matter of acquiring the easement or way, the mining company was acting for itself as owner and for its joint tenants, subject to a due accounting as to the expense in that behalf incurred. The condemnation in equity was with reference to and to the benefit of said property as jointly owned. If the sale is made it should be made to include the use of the said entry to the extent that it is appurtenant to the mine or seams of coal to be mined, thus such sale would not embarrass the parties on both sides or those of the general public or mining businesses, who might wish to acquire the property at the public sale prayed for.

[13] Mining or commercial timbering of lands results in their depletion and destruction pro tanto, and such use by a joint owner of the property, without consent of the other joint owners, is a waste which will be enjoined on proper application. Sanders v. Robertson, 57 Ala. 465; Darden v. Cowper, 7 Jones' Law (52 N. C.) 210, 75 Am. Dec. 461. See Stein v. McGrath, 128 Ala. 175, 30 So. 792; West v. West, 90 Ala. 458, 7 So. 830; Stokes v. Stokes (Ala. Sup.) 101 So. 885. [1] The failure of the amended bill to offer to do equity in the premises was a defect in that pleading challenged by demurrer, the overruling of which resulted in error to reverse.

[14-16] The averments of fact adverted to as to portions of the mines worked out by excavation of coal on certain seams, etc., should be more definitely stated as to the lands under the requirements of good pleading, when set up as matters in replication to the res judicata averred in the answer. Smith v. Witcher, 180 Ala. 102, 60 So. 391; Trucks v. Sessions, 189 Ala. 149, 66 So. 79; Musgrove v. Aldridge, 205 Ala. 189, 87 So. 803. The proper averment of the subsequent excavations of coal on certain designated seams, and the subsequent necessary relocation of slopes, airways, headings, and entries, as shown by the evidence, presented a changed status of estate which would relieve from the estoppel or res judicata under the decree of 1905 by the probate court. So the number of interests, into which a division or partition would be required to be made, are pertinent as a fact for consideration in the behalf sought and the practical application of the statute. Crausby v. Crausby, 164 Ala. 471, 51 So. 529.

That there be no misunderstanding of the requirements of good pleading in such an application for the sale in question of the mining properties, the averments of the amended bill are sufficient. The evidence supports the averment of the necessity of said sale under the statute.

The decree of the circuit court, in equity, is reversed, and the cause is remanded for the failure to sustain demurrer to the bill as amended, for that complainants do not offer to do equity in the premises and thereby "submit themselves unto the equity" of the honorable Circuit Court, sitting in equity.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.

On Rehearing.

PER CURIAM. Application overruled.

SAYRE, THOMAS, MILLER, and BOULDIN, JJ., concur.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., dissent.

SAYRE and MILLER, JJ. (concurring). We do not doubt the propriety of selling an estate in land for partition subject to a lease

---

[1] 212 Ala. 190.

outstanding in a lessee not a party to the partition. But where the complaining cotenant holds a lease, as in this case, on mining property, we think equity requires that his leasehold interest should be disposed of along with the rest of the estate to the end that all co-owners may be upon an equal footing in bidding for the property, and that the effort of one of the complainants in this cause to withhold his lease from the sale proposed deprived the bill of equity. As for the other objections found against, we are unable at this time to express any definite opinion, for the reason that at this late day of the term we have been unable to examine with care the questions involved. Our judgment is that the bill is wanting in equity for the reason indicated. Of course we do not deny complainant's right to be compensated for his lease.